DOYLE v HUTZEL HOSPITAL

Docket No. 210750. Submitted March 14, 2000, at Detroit. Decided May 19,
2000, at 9:00 A.M.

Joyce Doyle brought a medical malpractice action in the Wayne Cir-
cuit Court against Hutzel Hospital and others, seeking damages for
injuries sustained as a result of a postoperative infection. The
defendants sought summary disposition after the expiration of the
applicable period of limitation. The plaintiff moved to amend her
complaint to add two theories of professional negligence against
the defendants, alleging that the postoperative infection was proxi-
mately caused by the defendants' malpractice in performing the
surgery without eliminating the possibility of prior infection in the
plaintiff's body and in failing, following the surgery, to properly
diagnose and treat the postoperative infection. The court, Paul S.
Teranes, J., granted summary disposition in favor of the defend-
ants, finding insufficient evidence to raise a genuine issue of mate-
rial fact regarding the theory of liability raised in the plaintiff's orig-
inal complaint. The court denied the motion to amend the com-
plaint on the basis that the new allegations did not relate back to
the original complaint, because they dealt with alleged negligent
acts that occurred before and after surgery and the original com-
plaint addressed only negligence during surgery. The plaintiff
appealed from the order denying her motion to amend the
complaint.

The Court of Appeals held:

1. The court erred in concluding that the amended complaint did
not relate back to the original complaint. The new theories of negli-
gence proposed in the amended complaint arose out of the same
conduct, transaction, or occurrence set forth in the original com-
plaint, namely, the infection of the plaintiff's hip following surgery.

. 2. The general transactional setting for the original complaint
was the postoperative infection following the surgery. The
amended complaint alters the theories explaining why the infection
developed and caused injury. It did not change the transactional
setting for the personal injury claim arising out of the postopera-
tive infection.

3. The court's determination that the proposed amendment would be futile was based on the narrow, but faulty, premise that the period of limitation had expired. The court abused its discretion in denying the motion to amend.

Reversed and remanded.

PLEADING — AMENDMENTS.

Leave to amend pleadings is to be freely given when justice so requires; an amendment generally relates back to the date of the original pleading if the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth, or attempted to be set forth, in the original pleading; a broadly focused inquiry is necessary to determine whether the allegations in the original and amended pleadings stem from the same general conduct, transaction, or occurrence; the temporal setting of the allegations is not, in and of itself, the determinative or paramount factor in resolving the propriety of an amendment (MCR 2.118[A][2], [D]).

*Granzotto & Nicita, P.C.* (by *Mark Granzotto*), and *Gonderman Legal Corp., P.C.* (by *Robert F. Gonderman, Jr.*), for the plaintiff.

*Kitch, Drutchas, Wagner & Kenney, P.C.* (by *Linda M. Garbarino*), for Hutzel Hospital, Lawrence Morawa, M.D., and Lawrence Morawa, M.D., P.C.

*Saurbier, Siegan & Sanfield, P.L.C.* (by *Scott A. Saurbier* and *Valerie Henning Mock*), for Jeffrey Mast, M.D.

Before: GRIFFIN, P.J., and HOLBROOK, JR., and J. P. SULLIVAN* , JJ.

GRIFFIN, P.J. Plaintiff appeals as of right from an order granting summary disposition in favor of defendants and denying plaintiff's motion to amend her complaint in this medical malpractice case. On

---

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment.

appeal, plaintiff challenges only that portion of the order denying her motion to amend. We reverse and remand.

I

On October 14, 1996, plaintiff filed a complaint against defendants asserting a claim[1] for personal injuries arising out of a 1994 postoperative infection. The transactional setting of plaintiff's original complaint was set forth in paragraphs six through eleven:

> 6. On May 2, 1994, Dr. [Jeffrey] Mast operated on Joyce Doyle at Hutzel Hospital, performing correction of malunion of the pelvis and acetabulum with fixation and bone grafting; surgical residents, surgical nurses, and other employees of Hutzel Hospital assisted Dr. Mast in his surgery.
>
> 7. On May 2, 1994, Dr. [Lawrence] Morawa operated on Joyce Doyle at Hutzel Hospital, performing a total right hip arthroplasty; surgical residents, surgical nurses, and other employees of Hutzel Hospital assisted Dr. Morawa in his surgery.
>
> 8. After her discharge from Hutzel Hospital on May 17, 1994, Joyce Doyle developed drainage from a surgical incision, as well as positive wound cultures, and persistent elevated (above normal limits) sedimentation rates.
>
> 9. On August 16, 1994, an orthopedic surgeon removed a small piece of yellow material from Joyce Doyle's surgical incision, noting that the material had the consistency of the "IO—band" material used at surgery.
>
> 10. Dr. Mast admitted Joyce Doyle to Hutzel Hospital on September 9, 1994, with a diagnosis of infected right hip; on September 13, 1994, as a result of the right hip infection, Dr. Mast removed the right total hip arthroplasty, and performed right acetabular fixation with right tibial pin insertion.

---

[1] See *Derbeck v Ward*, 178 Mich App 38, 40-42; 443 NW2d 812 (1989), for the distinction between legal claims and theories.

11. Since September 13, 1994, Joyce Doyle has not had a functional right hip joint and has been confined to a wheelchair.

Plaintiff's allegation of duty and theory of medical malpractice were presented in paragraphs twelve and thirteen:

12. On May 2, 1994, defendants and their agents and/or employees, owed to Joyce Doyle the duty to comply with the applicable standards of practice, or care, for the performance of correction of malunion of the pelvis and acetabulum with fixation and bone grafting, and total right hip arthroplasty.

13. Defendants, and their agents and/or employees, breached their duties to Joyce Doyle in the following ways, among others:

A. Drs. Mast and Morawa, as well as their surgical residents, caused foreign material to remain in Joyce Doyle's body at the close of their surgeries;

B. Drs. Mast and Morawa failed to insure that no foreign material remained in Joyce Doyle's body at the close of their surgeries;

C. The surgical nursing staff that participated in Joyce Doyle's surgery caused and/or allowed foreign material to remain in Joyce Doyle's body at the close of surgery.

In February 1998, after the expiration of the applicable period of limitation, MCL 600.5805(4); MSA 27A.5805(4), defendants moved for summary disposition pursuant to MCR 2.116(C)(7), (C)(8), and (C)(10) on the basis plaintiff could not establish facts necessary to support her allegation that a foreign material was left in the surgical site during the May 2, 1994, surgery, or that any material removed on August 16, 1994, by the orthopedic surgeon was a foreign body. In response, plaintiff moved to amend her complaint, seeking to add two theories of professional negli-

gence against defendants. Specifically, plaintiff alleged in the proposed amended complaint that her postoperative infection was proximately caused by defendants' malpractice in performing the surgery without eliminating the possibility of prior infection in plaintiff's body (her ankle) and in failing to properly diagnose and treat, following the surgery, the postoperative infection.

The trial court ultimately ruled that the evidence presented was not sufficient to raise a genuine issue of material fact with regard to the theory of liability raised in plaintiff's original complaint and granted summary disposition in favor of defendants. The trial court then considered plaintiff's motion to amend her complaint and determined that the new allegations in the amended complaint did not relate back to the original complaint because the amended complaint dealt with alleged negligent acts before and after surgery and the original complaint addressed only negligence during surgery. The trial court reasoned:

> There is not a claim there was further medical malpractice during the course of the surgery. Medical malpractice was the preoperative treatment and postoperative treatment. Postoperative treatment still deals with the surgery. But, there are two instances one of which occurred, incident prior to the surgery which is claimed to be medical malpractice, and the other of which is after the surgery.
>
> I knew there would be argument that of [sic] the preoperative malpractice relates to the surgery because they never should have gone ahead with the surgery. But the original complaint does not deal with going ahead with surgery. It deals with the condition during the course of the surgery.
>
> So again we are into an issue of whether or not this relates back to the surgery. The two events are not directly related with the surgery itself. They are preoperative and postoperative.

\*    \*    \*

> The—as far as the relating back issue is concerned I
> would find that the new claims that were set forth are not
> claims that are associated with the surgery itself, but pre-
> operative, postoperative, so therefore they would not be
> relating back to the same circumstances. Although we are
> dealing with same defendants, different circumstances, pre-
> operative and postoperative.

On the basis of its conclusion that the amended
pleading did not relate back to the conduct, transac-
tion, or occurrence set forth in the original complaint,
the trial court held that amendment would be futile
because the applicable period of limitation had
expired. The lower court therefore denied plaintiff's
motion to amend her complaint. Plaintiff now appeals
from that portion of the trial court's order denying
her motion to amend the complaint.

II

On appeal, plaintiff contends the trial court abused
its discretion in denying her motion to amend the
complaint. Specifically, plaintiff argues the trial court
erred in concluding, pursuant to MCR 2.118(D), the
amended complaint did not relate back to the original
complaint. According to plaintiff, all the new theories
of negligence proposed in the amended complaint
arose out of the same conduct, transaction, or occur-
rence set forth in her original complaint, namely, the
infection of plaintiff's right hip following surgery. We
agree.

"[D]ecisions granting or denying motions to amend
pleadings, are within the sound discretion of the trial
court and reversal is only appropriate when the trial

court abuses that discretion." *Weymers v Khera*, 454 Mich 639, 654; 563 NW2d 647 (1997). See also *Dacon v Transue*, 441 Mich 315, 328; 490 NW2d 369 (1992); *Hakari v Ski Brule, Inc*, 230 Mich App 352, 355; 584 NW2d 345 (1998). The question whether a proposed amendment relates back to the original complaint represents an issue of law that is reviewed by this Court de novo on appeal. *Smith v Henry Ford Hosp*, 219 Mich App 555, 557; 557 NW2d 154 (1996).

MCR 2.118(A)(2) provides leave to amend a pleading "shall be freely given when justice so requires." If a trial court grants summary disposition pursuant to MCR 2.116(C)(8), (C)(9), or (C)(10), the court must give the parties an opportunity to amend their pleadings pursuant to MCR 2.118, unless the amendment would be futile. MCR 2.116(I)(5); *Weymers, supra* at 658. Generally, "an amendment relates back to the date of the original pleading if the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth, or attempted to be set forth, in the original pleading." MCR 2.118(D).[2] It is well settled that the amended

---

[2] As explained in 1 Dean & Longhofer, Michigan Court Rules Practice (4th ed), § 2118.11, p 561:

The general rule of MCR 2.118(D) is that amendments to pleadings relate back to the date of the original pleading "if the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth, or attempted to be set forth, in the original pleading." The "attempted to be set forth" language takes care of the situation in which the amendment is designed to cure an inadequate description of the original transaction or occurrence.

The chief importance of the relation-back rule is to determine whether or not the statute of limitations has been satisfied. In broad terms, if the original complaint was timely, it satisfied the statute of limitations even if it was defective and even if the amendment that cured the defect was not made until after the run-

pleading can introduce new facts, new theories, or even a different cause of action as long as the amendment arises from the same transactional setting that was set forth in the original pleading. *LaBar v Cooper*, 376 Mich 401, 406; 137 NW2d 136 (1965). The parties in the instant case disagree on the application of this latter principle to the present facts.

In *LaBar*, the plaintiffs' physician sent Mrs. LaBar (hereafter the plaintiff) to a hospital to get an intermuscular shot. She allegedly suffered radial nerve damage after receiving the shot in her upper arm. The plaintiffs (Mrs. LaBar and her husband) filed a medical malpractice action against several defendants, including the physician. In the original complaint, the plaintiffs alleged only that the shot had been negligently administered. However, during the course of ensuing discovery, the physician was deposed and testified the shot should have been given in the plaintiff's buttocks, not her arm. He further testified he had told the hospital's nursing staff on numerous occasions to administer such shots in a patient's buttocks rather than an arm. Approximately six months after the physician's deposition, the plaintiffs moved to amend their complaint to add a new theory charging the defendant doctor with general acts of negligence in sending Mrs. LaBar to the hospital when he knew the standard of care employed by the nurses was faulty and shots were administered by

---

ning of the statute. On the other hand, an amendment that raises a new claim (*i.e.*, one that does not arise out of the same transaction or occurrence) does not relate back, and if it is raised for the first time after the statute of limitations has run, it may be attacked on that ground.

See also *Smith v Henry Ford Hosp, supra* at 558-559.

them in a dangerous place (the arm). The trial court denied the plaintiffs' motion to amend on the ground that the period of limitation had run. Our Supreme Court reversed and remanded, reasoning, in pertinent part, that the amended complaint was based on the same transaction set forth in the original complaint. In interpreting GCR 1963, 118.4,[3] identical in its operative terms to the current court rule, MCR 2.118(D), the Court looked to the origins and purpose of the then newly adopted court rule:

> GCR 1963, 118 is an adoption of Federal Rule 15. The purpose of its adoption is stated by Honigman and Hawkins, 1 Michigan Court Rules Annotated, page 416:
>
> "The relationship between the original pleading and a proposed amendment becomes important when the date of filing the amendment raises a question of limitations. The doctrine of 'relation back' was devised by the courts to associate the amended matter with the date of the original pleading, so that it would not be barred by the statute of limitations. But some restrictions had to be placed upon the doctrine, or claims clearly barred could be resurrected by pleading them in an amendment to an unrelated claim which was not barred. Previous Michigan cases had set this restriction in terms of whether the amended matter involved a new cause of action.
>
> "Sub-rule 118.4 is intended to introduce a more liberal and workable test, borrowed from the Federal rules. . . .

---

[3] GCR 1963, 118.4 provided:

> Relation Back of Amendments. Except for the purpose of demanding a trial by jury under sub-rule 508.2, the amendment relates back to the date of the original pleading whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading.

Like the current court rule, MCR 2.118(A)(2), GCR 1963, 118.1 also provided in pertinent part that "Leave [to amend] shall be freely given when justice so requires."

The test is no longer conceptual, but rather functional. The amendment relates back to the date of the original pleading and, therefore, is not barred by limitations, whenever the claim or defense asserted in the amendment arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading. *It is thus beside the point that the amendment introduces new facts, a new theory, or even a different cause of action, so long as it springs from the same transactional setting as that pleaded originally.* The new test satisfies the basic policy of the statute of limitations, because the transactional base of the claim must still be pleaded before the statute runs, thereby giving defendant notice within the statutory period that he must be prepared to defend against all claims for relief arising out of that transaction." [*LaBar, supra* at 405-406 (emphasis in original).]

The *LaBar* Court, *id.* at 408, expressly freed the relation-back rule from the strictures of past interpretation:

The test . . . is no longer whether an amendment states a new cause of action, but is whether it arises out of the conduct, transaction, or occurrence alleged in the original pleading sought to be amended. From the effective date of the new court rules, the old rule. . . was meant no longer to be followed.

Thus, the *LaBar* Court clearly held that the "conduct, transaction, or occurrence" language of GCR 1963, 118.4, when read in conjunction with the requirement that "[l]eave [to amend] shall be freely given when justice so requires" (GCR 1963, 118.1), should not be narrowly construed. This directive for broad construction of the court rule is reinforced by other aspects of the *LaBar* decision, namely, the Court's endorsement of the United States Supreme

Court's reasoning in *Tiller v Atlantic C L R Co*, 323 US 574, 581; 65 S Ct 421; 89 L Ed 465 (1945).

In *Tiller*, the plaintiff's decedent was killed while working as an employee of a railroad. The plaintiff originally brought suit under the Federal Employers Liability Act, 45 USC 51 *et seq.* The plaintiff was subsequently allowed to amend the complaint to state a new theory that the decedent's death was also the result of the defendant's violation of the Federal Boiler Inspection Act, 45 USC 22 *et seq.* The Supreme Court held, in pertinent part, pursuant to Rule 15(c) of the Federal Rules of Civil Procedure,[4] the amendment related back to the original complaint. The *Tiller* Court's discussion of this issue was quoted at length by our Supreme Court in *LaBar, supra* at 406-407:

> "The original complaint in this case alleged a failure to provide a proper lookout for deceased, to give him proper warning of the approach of the train, to keep the head car properly lighted, to warn the deceased of an unprecedented and unexpected change in manner of shifting cars. The amended complaint charged the failure to have the locomotive properly lighted. *Both of them related to the same general conduct, transaction and occurrence which involved the death of the deceased. There was therefore no departure. The cause of action now, as it was in the beginning, is the same—it is a suit to recover damages for the wrong-*

---

[4] The relation-back rule set forth in FR Civ P 15(c)(2) is comparable to that provided in MCR 2.118(D) and GCR 1963, 118.4:

> (c) Relation Back of Amendments. An amendment of a pleading relates back to the date of the original pleading when
>
>   \*  \*  \*
>
> (2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading . . . .

*ful death of the deceased.* "The effect of the amendment here was to facilitate a fair trial of the existing issues between plaintiff and defendant.' *Maty v Grasselli Co,* 303 US 197, 201 (58 S Ct 507, 82 L Ed 745) [1938]. *There is no reason to apply a statute of limitations when, as here, the respondent has had notice from the beginning that petitioner was trying to enforce a claim against it because of the events leading up to the death of the deceased* in the respondent's yard." [Emphasis in original.]

Utilizing the *Tiller* rationale, the *LaBar* Court concluded that the amendments before it were based on the same transaction as the original declaration and "merely sharpened the precise issue of malpractice or negligence in order that defendants might know the legal theories upon which plaintiffs were proceeding." *Id.* at 409. See also *Patillo v Equitable Life Assurance Society of the United States,* 199 Mich App 450, 456; 502 NW2d 696 (1993); *Boyle v Odette,* 168 Mich App 737; 425 NW2d 472 (1988). Cf. *Iron Co v Sundberg, Carolson & Associates, Inc,* 222 Mich App 120, 124-125; 564 NW2d 78 (1997).

In the present case, plaintiff claims *LaBar, supra,* refutes the trial court's determination that the additional theories of medical malpractice did not relate back to the original complaint because they occurred before and following the surgery. We agree.

As previously noted, plaintiff's original complaint states as the basis of her malpractice claim that plaintiff was diagnosed with an infection that resulted in the removal of the total right hip arthroplasty. This complaint alleges defendants breached the applicable standard of care by causing foreign material to remain in plaintiff's body at the close of surgery and failing to ensure that foreign material was not left in plaintiff's body at the close of surgery. The proposed

amended complaint states that on February 28, 1994, and March 1, 1994, plaintiff had a wound on her right ankle that tested positive for bacteria and that defendants were negligent in failing to determine whether plaintiff's ankle was infected before surgery on plaintiff's right hip and in failing to diagnose and treat the postoperative infection of plaintiff's hip in a timely manner. The trial court concluded the negligence alleged in the original complaint occurred *during* surgery. The trial court further held the theories plaintiff proposed to add by way of amendment— defendant's failure to assess the presence of an infection in plaintiff's ankle and their negligence in failing to aggressively treat her infection—occurred *before* and *after* the surgery. Thus, because the theories alleged in the amended complaint did not fit within the narrow scope of the "conduct, transaction, or occurrence" alleged in the first complaint—purported malpractice *during* surgery—the trial court concluded the amended pleading did not relate back and was therefore barred by the statute of limitations.

The trial court's focus and reliance on the temporal differences between the theories alleged in the amended and original complaints is unduly restrictive and cannot be reconciled with the Michigan Supreme Court decision in *LaBar* or the United States Supreme Court decision in *Tiller, supra,* cited with approval in *LaBar*. The same temporal differences existed in those cases and amendments pertaining to theories of negligence that clearly preceded the negligent acts alleged in the original complaints were allowed. When placed in context against a backdrop providing that leave to amend pleadings must be freely granted, MCR 2.118(A)(2), the principle to be

gleaned from these cases is the necessity for a broadly focused inquiry regarding whether the allegations in the original and amended pleadings stem from the same general "conduct, transaction, or occurrence." The temporal setting of the allegations is not, in and of itself, the determinative or paramount factor in resolving the propriety of an amendment of the pleadings, and undue focus on temporal differences clouds the requisite broader analysis.

The general transactional setting for the instant plaintiff's original complaint was the postoperative infection that set in following her May 2, 1994, surgery. On the basis of later discovery,[5] the amended complaint alters the theories explaining why that infection developed and subsequently caused injury. It does not change the transactional setting for her personal injury claim arising out of the 1994 postoperative infection. Reiterating the lesson of *LaBar, supra* at 406, " '*It is thus beside the point that the amendment introduces new facts, a new theory, or even a different cause of action, so long as it springs from the same transactional setting as that pleaded originally.*' " (Citation omitted; emphasis in original.) As in *LaBar* and *Tiller, supra,* defendants herein were, under the circumstances, put on notice within the statutory period that plaintiff was seeking recovery for injuries arising out of her postoperative infection.

In sum, because the legal theories addressed in plaintiff's proposed amended complaint were derived from the same transactional setting (plaintiff's postoperative infection) as plaintiff's original complaint,

---

[5] The record indicates that despite numerous requests, plaintiff's counsel was unable to secure a complete set of plaintiff's medical records from the various defendants until after the original complaint had been filed.

the amendments relate back to the original complaint pursuant to MCR 2.118(D) and are not barred by the applicable statute of limitations. Therefore, we hold the trial court erred as a matter of law in ruling that plaintiff's proposed amended complaint did not relate back to the date her original complaint was filed. *Smith, supra.*

III

Given our determination that the amended complaint relates back to the original pleadings and consequently is not barred by the running of the period of limitation, we must further determine whether the trial court abused its discretion in determining that plaintiff's motion to amend must, in any event, be disallowed on the basis of futility.

*On the basis of its determination that the proposed amended complaint did not relate back to the original pleading,* the trial court held that the period of limitation had run on the new claims, thereby making amendment futile, and since the amended theories of liability did not relate back to the original complaint, a notice of intent would have to be filed pursuant to MCL 600.2912b; MSA 27A.2912(2) before commencing a case on the new theories. The trial court reasoned that filing a notice of intent setting forth the new theories would be fruitless because the period of limitation had run.

Because the trial court's determination that the proposed amendment would be futile was based on the narrow but faulty premise that the period of limitation had expired, we conclude the trial court abused

its discretion in denying plaintiff's motion to amend her complaint on the basis of futility.

In light of our resolution of the above issues, we need not address the other issues raised by plaintiff on appeal.

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.