## IN THE COURT OF APPEALS OF IOWA

No. 14-0444
Filed June 11, 2014

**IN THE INTEREST OF L.H.B. and L.H.B.,**
  **Minor Children**

**F.B., Father,**
  Appellant.

_____

Appeal from the Iowa District Court for Scott County, Cheryl E. Traum, District Associate Judge.

A father appeals from termination of his parental rights to two children. **AFFIRMED.**

Clayton E. Grueb, Davenport, for appellant.

Thomas J. Miller, Attorney General, Janet L. Hoffman, Assistant Attorney General, Michael J. Walton, County Attorney, and Julie Walton, Assistant County Attorney, for appellee.

G. David Binegar of G. David Binegar, P.C., Davenport, for mother.

Patricia A. Rolfstad, Davenport, attorney and guardian ad litem for minor children.

Considered by Vogel, P.J., and Doyle and Mullins, JJ.

**MULLINS, J.**

A father appeals from termination of his parental rights to two children pursuant to Iowa Code section 232.116(1)(d), (f), and (i) (2013). The father contends the juvenile court abused its discretion in denying his motion to continue and erred in finding sufficient grounds for termination and that termination was in the children's best interest. We affirm.[1]

## I. BACKGROUND FACTS AND PROCEEDINGS.

At the time of the termination hearing, the two children in this appeal were seven and four years old. The Department of Human Services (DHS) became involved with the family in 2011 when the mother and father were asleep in their bedroom and the children left the house. The mother had abused prescription drugs and fallen asleep. The children were found outdoors without adult supervision. DHS also was concerned about the unsanitary condition of the home and began providing services to the family. In June 2012, DHS became aware of other concerns, including the older child's report that the father had sexually abused her.[2] DHS removed the children from the home June 21, 2012, and a law enforcement investigation ensued. The child gave sufficiently detailed and specific descriptions of sex acts with the father for a founded child abuse assessment against the father for sexual abuse and the mother for sexual abuse by omission. The juvenile court adjudicated the children in need of assistance in September 2012 pursuant to Iowa Code sections 232.2(6)(b), (c)(2), (d), and (n). It placed the children with their maternal grandparents.

---

[1] The mother's parental rights were also terminated. She does not appeal.
[2] The older child has also reported the mother sexually abused her.

The father has three founded child abuse reports: in September 2011 for denial of critical care and failure to provide adequate shelter; in July 2012 for denial of critical care and failure to provide proper supervision; and in May 2013 for sexual abuse against the older child. The father originally had two-hour supervised visits twice per week. DHS reduced visitation to one hour per week supervised because the older child's therapist reported the child experienced anxiety about visitation, especially with the father. DHS also limited visitation because the parents were unable to handle the children's behavior appropriately and discussed inappropriate topics during visitation. Both parents resisted direction from DHS on their parenting. Visits were held outside the parental home at the Family Resources center.

The father denies any sexual conduct toward the children. He is a registered sex offender who served five years in prison for sexually assaulting his sister's six-year-old child. Following a psycho-social evaluation, the therapist concluded the father had a sexualized view of children, a sense of sexual entitlement, a tendency to over-empathize with rapists and child molesters, and a tendency to blame victims. The therapist recommended the father receive group therapy focusing on healthy relationships and treatment to address self-regulatory behavior. The father has not participated in those therapies or received any sex offender treatment since his prior offense.

The DHS worker's final case report prior to the termination hearing indicated there have been incidents of domestic violence between the mother and father. The mother has also reported the father being physically violent

toward the children, on one occasion leaving bruises on the older child's face. DHS noted that despite almost three years of services, the father had made little progress toward addressing the safety issues that originally brought the family to DHS's attention. The DHS worker noted there was little improvement or willingness to follow through with recommendations. Prior to the termination hearing, the parents lost electricity in their home due to outstanding bills. The father was intermittently employed and in school part time. The DHS worker also reported the parents struggled to meet the children's basic needs, including providing food and paying for gas for transportation.

The juvenile court held a hearing on termination of parental rights in February 2014 and issued its order terminating parental rights in March 2014. The court terminated the father's parental rights under section 232.116(1)(d), (f), and (i). The father appeals.

## II. STANDARD OF REVIEW.

We review termination of parental rights proceedings de novo. *In re A.B.*, 615 N.W.2d 764, 773 (Iowa 2012). We give weight to the factual determinations of the juvenile court, especially with regard to witness credibility, but are not bound by them. *Id.* Our primary consideration is the best interest of the child. *Id.* at 776.

## III. ANALYSIS.

### A. Denial of Motion for Continuance.

The father had attempted to appeal the May 2013 founded child abuse assessment administratively. He sought a hearing on the assessment but failed

to meet the filing deadline, and the appeal was denied. He appealed that decision and was denied again. After another appeal, the department issued its final decision on January 31, 2014, denying the father a hearing on the assessment. The father then filed for judicial review of that administrative decision. A ruling on that petition was pending at the time of the termination hearing.

Between January 31 and the termination hearing on February 18, the father took no action to ask for a continuance of the termination hearing. At the beginning of the hearing, the father made an oral motion to continue until after resolution of his judicial review appeal of the final DHS action.[3] The juvenile court denied the motion to continue. The father contends such denial was an abuse of discretion.

We review a motion for continuance for abuse of discretion. *In re C.W.*, 554 N.W.2d 279, 281 (Iowa Ct. App. 1996). We reverse only if injustice will result to the party desiring the continuance. *Id.* At the time of the termination hearing, the children had been out of the father's care for twenty months. The father's petition for judicial review, according to the representations of his attorney, was on the question of whether the father would get a hearing despite failing to meet the filing deadline. The State argues the possibility that the child abuse assessment would be overturned was highly speculative. There were also two other founded child abuse assessments against the father preceding the one the father attempted to appeal and a long history of DHS involvement.

---

[3] The father did not offer into evidence any documentation as to his administrative appeals or the status of his petition for judicial review.

Therefore, we find the father suffered no injustice due to the court's denial of his motion. The juvenile court did not abuse its discretion.

### B. Statutory Grounds for Termination.

The father next argues there was insufficient evidence to terminate under the statutory grounds alleged. When the juvenile court terminates parental rights on more than one statutory ground, we need only find grounds to terminate under one of the paragraphs to affirm. *In re J.A.D.-F.*, 776 N.W.2d 879, 884 (Iowa Ct. App. 2009). Here, we focus on the evidence supporting the court's termination of the father's parental rights under Iowa Code section 232.116(1)(f). To terminate parental rights under section 232.116(1)(f), the State must show:

(1) The child is four years of age or older.
(2) The child has been adjudicated a child in need of assistance.
(3) The child has been removed from the physical custody of the child's parents for at least twelve of the last eighteen months, or for the last twelve consecutive months and any trial period at home has been less than thirty days.
(4) There is clear and convincing evidence that at the present time, the child cannot be returned to the custody of the child's parents.

The father contends there was not clear and convincing evidence that the children could not be returned to his care at the time of the termination hearing. There are three founded child abuse assessments against the father, including the assessment for sexual abuse. The father has made little progress toward improving his parenting despite almost three years of services and has not obtained the recommended mental health or sex offender treatment. Visitation has been reduced to once a week, fully supervised, and only at the Family Resources center, rather than in the home. Visits have never progressed to

over-nights or trial periods at home. The DHS worker testified it was unclear where the father was living and with whom but thought it might be with a friend. The worker also reported the father was unable to meet the children's basic needs or discipline them appropriately. Finally, the father himself proposes that the children be placed in a guardianship with their maternal grandparents rather than be reunified with him. Under these circumstances, we find the evidence is clear and convincing that the children cannot be returned to his custody.

### C. Best Interests Determination.

The father contends the juvenile court erred in finding termination was in the children's best interest. He argues the father and children still share a close bond.[4] In determining whether to terminate parental rights, the court follows a three-step analysis. *In re P.L.*, 778 N.W.2d 33, 39 (Iowa 2010). First, the court must determine if a statutory ground for termination exists under section 232.116(1). *Id.* Second, the court must give consideration to the child's best interests. *See* Iowa Code § 232.116(2); *P.L.*, 778 N.W.2d at 40. Finally, the court need not terminate parental rights if it finds any of the statutory exceptions under section 232.116(3) apply. *P.L.*, 778 N.W.2d at 39.

In considering whether to terminate parental rights, we "give primary consideration to the child's safety, to the best placement for furthering the long-

---

[4] Iowa Code section 232.116(3)(c) provides the court need not terminate parental rights if it determines that termination "would be detrimental to the child . . . due to the closeness of the parent-child relationship." Although the father argues he and the children share a close bond, he does not contend the statutory exception provided under Iowa Code section 232.116(3)(c) applies to prevent termination. Therefore, we assume the father argues under Iowa Code section 232.116(2), which provides for a more generalized best interests analysis.

term nurturing and growth of the child, and to the physical, mental, and emotional condition and needs of the child." Iowa Code § 232.116(2). The children have been under DHS supervision for over three years and the father has not made significant progress in parenting or providing for their needs. Visitation has never progressed to over-night or unsupervised. There are three founded child abuse reports, including one for sexual assault. The father is a sex offender but is not receiving treatment, despite the therapist's recommendation that he receive treatment. The father's housing and employment are unstable. The children have been out of the home for over twenty months and require stability and permanence. We find, therefore, that the long-term nurturing and growth of the children, and their physical, mental, and emotional needs will be best met by terminating the father's parental rights.

## IV.    CONCLUSION.

On our review, we find the juvenile court did not abuse its discretion when it denied the father's motion to continue the termination hearing. We also find there was clear and convincing evidence supporting termination of the father's parental rights under Iowa Code section 232.116(1)(f), and the juvenile court correctly determined termination was in the children's best interests. Therefore, we affirm the juvenile court order.

**AFFIRMED.**