*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

MARK SHAFER, Personal Representative for the
ESTATE OF TROY MICHAEL SHAFER,

UNPUBLISHED
March 23, 2026
2:28 PM

Plaintiff-Appellant,

v

No. 374872
Jackson Circuit Court
LC No. 2022-002420-NH

ADVANCED CORRECTIONAL HEALTHCARE,
INC. and DARYL T PARKER M.D.,

Defendants-Appellees.

Before: PATEL, P.J., and SWARTZLE and MARIANI, JJ.

PER CURIAM.

Plaintiff, as personal representative of the estate of Troy Shafer, sued Advanced Correctional Healthcare (ACH) and a doctor in its employ after the decedent died while incarcerated in the Jackson County Jail. Defendants moved for summary disposition in the trial court because Dr. Parker was not involved in decedent's care. The trial court ultimately granted defendants' motion for summary disposition; it also denied plaintiff's motion for leave to amend his complaint and affidavit of merit (AOM) because it found that such amendments would be futile. Because the trial court abused its discretion in regard to plaintiff's motion to amend, we vacate the trial court's decision and remand for reconsideration of plaintiff's motion for leave to amend his complaint and AOM.

## I. BACKGROUND

The decedent was booked into Jackson County Jail after an intoxicated altercation despite a probation condition prohibiting alcohol consumption. About a month after he was booked, the decedent began making daily sick call requests regarding flu-like symptoms and was allegedly seen by nurses and Dr. Parker. Four days after he first reported symptoms, the decedent passed away as a result of pneumonia and the flu.

Plaintiff sued on behalf of the decedent's estate, alleging one count against Dr. Parker for medical malpractice and negligence and one count against ACH for negligence, including liability "for the acts and/or omissions of its agents, ostensible agents, servants, and/or employees who

-1-

rendered care and treatment to Plaintiff, including, but not limited to, Daryl T. Parker, M.D., pursuant to the doctrines of vicarious liability and/or *respondeat superior*." In addition to the complaint, plaintiff submitted an AOM from an internal medicine doctor.

Defendants moved for summary disposition under MCR 2.116(C)(8) and (C)(10), arguing that Dr. Parker was not involved in the decedent's care (he was out of town during the relevant period). Further, defendants argued that the complaint was only accompanied by an AOM of an internal medicine doctor and therefore, any claims against or based on the alleged conduct of other health professionals were time-barred.

Plaintiff moved for leave to file a first amended complaint under MCR 2.116(I)(5) and MCR 2.118(A)(2), arguing that such amendment would not be adding new parties but rather amending existing claims to include vicarious liability for the nurses against ACH. Attached to the motion was a proposed first amended complaint and an AOM signed by a medical professional who devoted a majority of time to the active clinical practice of nursing.

At the hearing on defendants' motion for summary disposition and plaintiff's motion to amend, the trial court found that there was no genuine issue of material fact with respect to Dr. Parker because he was not involved in the decedent's care. Further, the trial court found that it could properly dismiss ACH with respect to any vicarious liability for Dr. Parker because ACH could not be "vicariously liable if the principal or the agent is not liable." As for plaintiff's request to amend, the trial court stated the following when denying the motion:

> With respect to the request to amend either the affidavit of merits or the complaint, I think that amendment would be futile. The statute is tolled only as to the party that is sued. It didn't sue the nurses. It's too late to do an affidavit of merit as to the nurses. And without an affidavit of merit, you have no lawsuit. You can't sue the Advanced Correctional Healthcare for negligence, the medical malpractice of its nurses without also suing the nurses. So I am going to grant the motion and I'm going to deny the motion to amend.

Plaintiff now appeals.

## II. ANALYSIS

On appeal, plaintiff argues that the trial court erred when it granted defendants' motion for summary disposition in favor of ACH based on vicarious liability. Although plaintiff concedes that the claims and allegations against Dr. Parker were properly dismissed, plaintiff maintains that the vicarious liability claim against ACH remains viable based on a theory of nursing malpractice. Plaintiff argues that its original complaint had sufficient allegations of nursing malpractice to have survived a motion under MCR 2.116(C)(8).

We review de novo a trial court's decision on a motion for summary disposition. *BC Tile & Marble Co, Inc v Multi Bldg Co, Inc*, 288 Mich App 576, 583; 794 NW2d 76 (2010). Summary disposition under MCR 2.116(C)(8) is proper if plaintiff failed to state a claim on which relief can be granted. A motion under MCR 2.116(C)(8) tests the legal sufficiency of a claim considering only the pleadings. *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 159-160; 934 NW2d 665 (2019).

The trial court did not err when it granted summary disposition to ACH based on plaintiff's original complaint. Although plaintiff alleged that the decedent was seen by two different nurses, the complaint failed to state how the nurses' actions led to any negligence on ACH's part. In Count II against ACH, the complaint stated that ACH is responsible for all phases of medical services but nowhere did plaintiff put forth any specific factual allegations or legal theories on how the nurses' actions were negligent or otherwise improper. Simply put, the allegations in the complaint in conjunction with the AOM indicated that plaintiff's suit against defendants was based on the alleged malpractice of Dr. Parker, not any nurses' malpractice, and therefore, plaintiff's original complaint did not state a claim relating to nurse malpractice.

With that said, the trial court's denial of plaintiff's motion for leave to amend his complaint and AOM was in error. We review for an abuse of discretion the trial court's denial of leave to amend. *Jawad A Shah, MD, PC v State Farm Mut Auto Ins Co*, 324 Mich App 182, 208; 920 NW2d 148 (2018). The trial court abused its discretion if the decision is "outside the range of reasonable and principled outcomes" or the trial court made an error of law. *Green v Pontiac Pub Library*, ___ Mich App ___, ___; ___ NW3d ___ (2024) (Docket No. 363459); slip op at 3.

If the trial court dismisses a case under MCR 2.116(C)(8), then the trial court "shall give the parties an opportunity to amend their pleadings as provided by MCR 2.118, unless the evidence then before the [trial] court shows that amendment would not be justified." MCR 2.116(I)(5). An amendment would not be justified for a variety of reasons, including (1) undue delay, (2) bad faith or dilatory motive, (3) repeated failure to cure deficiencies by amendments previously allowed, (4) prejudice to the opposing party, and (5) futility. *Weymers v Khera*, 454 Mich 639, 658; 563 NW2d 647 (1997).

An issue raised in an amended pleading cannot be precluded by the statute of limitations if the amended claim relates back to the original pleading. *Green*, ___ Mich App at ___; slip op at 5. The relation back of an amendment to a complaint or amendment to an AOM is provided for in MCR 2.118(D):

> An amendment that adds a claim or a defense relates back to the date of the original pleading if the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth, or attempted to be set forth, in the original pleading. In a medical malpractice action, an amendment of an affidavit of merit or affidavit of meritorious defense relates back to the date of the original filing of the affidavit.

The amendments "can introduce new facts, new theories, or even a different cause of action as long as the amendment arises from the same transactional setting that was set forth in the original pleading." *Doyle v Hutzel Hosp*, 241 Mich App 206, 212-213; 615 NW2d 759 (2000).

Here, the trial court abused its discretion when it denied plaintiff's motion for leave to amend the complaint and AOM based on futility. First, the trial court erred when it found that an amendment to the complaint was futile because plaintiff did not sue the nurses individually. In a medical malpractice case, the medical provider may be directly liable for malpractice or "vicariously liable for the negligence of its agents." *Cox v Bd of Hosp Managers for City of Flint*, 467 Mich 1, 11; 651 NW2d 356 (2002). For vicarious liability, plaintiff did not need to name the nurses as defendants when suing ACH; plaintiff could have sued ACH for its agents' negligence

as the principal alone. See *Grimmer v Lee*, 310 Mich App 95, 101; 872 NW2d 725 (2015). Plaintiff's proposed amendment did not add the nurses as parties, but instead added a nursing-malpractice claim against an existing defendant—a permissible amendment because the claim of nursing malpractice against ACH through its agents arose out of the same transactional setting as set forth in the original complaint. See *Doyle*, 241 Mich App at 212-213. Therefore, the trial court's stated reason for denying the amended complaint was an error of law.

As for an amendment of the AOM, the trial court also abused its discretion when it found that it was "too late to do an affidavit of merit as to the nurses," because plaintiff did not name the nurses as defendants. The AOM must be "signed by a physician who counsel reasonably believes specializes in the same specialty" as defendants or defendants' agents. *Grossman v Brown*, 470 Mich 593, 596; 685 NW2d 198 (2004); MCL 600.2912d(1); MCL 600.2169. Here, plaintiff's original AOM was insufficient in regard to a nursing malpractice claim; the original AOM was signed by a doctor of internal medicine, who would not qualify as an expert in nursing.

But plaintiff's failure to name the nurses as defendants does not mean that an amendment to the AOM would be futile. In *Legion-London v Surgical Institute of Michigan Ambulatory Surgery Ctr, LLC*, 331 Mich App 364, 376; 951 NW2d 687 (2020), this Court held that an AOM signed by a different expert than the original AOM can be considered an amended AOM: "[W]e hold that under MCR 2.112(L)(2)(b), an AOM may be amended by submitting an affidavit signed by a different expert when there has been a challenge to the 'qualifications of the signer.'" So, plaintiff could submit an amended AOM signed by a nursing expert, and this amended AOM could relate back to the original AOM under MCR 2.118(D). Thus, the trial court's holding that an amended AOM was futile was an error of law.

Given these errors, we vacate the trial court's denial of plaintiff's motion for leave to amend his complaint. On appeal, defendants argue that they would be prejudiced by amendments because the original complaint did not state a claim against the nurses. On remand, defendants can argue that the amendments would not be justified because of this alleged prejudice, as well as any undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies, or other appropriate reason. *Weymers*, 454 Mich at 658.

Vacated and remanded for reconsideration of plaintiff's motion to leave to amend his complaint and AOM. We do not retain jurisdiction.

/s/ Sima G. Patel
/s/ Brock A. Swartzle
/s/ Philip P. Mariani

-4-