FISHER v VOLKSWAGENWERK AKTIENGESELLSCHAFT

Docket No. 52355. Submitted November 18, 1981, at Detroit.—Decided May 4, 1982.

John R. and Ina Fisher died in an automobile accident on December 9, 1976. Plaintiffs, John R. Fisher, Jr., and Margaret Ann Sutherland, were appointed coadministrators of the estates. The estates were closed on March 1 and June 26, 1978. On December 6, 1979, plaintiffs brought an action for wrongful death in Wayne Circuit Court against Volkswagenwerk Aktiengesellschaft and Volkswagen of America for wrongful death. Thereafter, defendants moved for accelerated judgment, alleging that plaintiffs were not proper parties and that they lacked the capacity to sue. Prior to the hearing on the defendants' motion, the plaintiffs returned to the probate court and the estates were reopened on April 17, 1980. Plaintiffs were reappointed as coadministrators and moved the circuit court to amend their complaint to assert their proper reappointment as personal representatives of the deceased. The trial court, Irwin H. Burdick, J., denied the defendants' motion. Defendants appealed by leave granted. *Held:*

Only the personal representative of a deceased may bring a statutory wrongful death action. Plaintiffs were not the personal representatives of the deceased persons at the time of the filing and the doctrine of relation back does not apply to bar the running of the period of limitation.

Reversed and remanded with instructions.

CYNAR, P.J., dissented. He would hold that the relation-back doctrine applied and would affirm.

OPINION OF THE COURT

1. DEATH — WRONGFUL DEATH — STATUTE OF LIMITATIONS.

The cause of action under the wrongful death statute accrues when death occurs and an action is timely brought if it is

REFERENCES FOR POINTS IN HEADNOTES

[1] 22 Am Jur 2d, Death § 40 *et seq.*
   51 Am Jur 2d, Limitation of Actions §§ 246, 261, 270.
[2, 3] 22 Am Jur 2d, Death § 198.
   51 Am Jur 2d, Limitation of Actions §§ 229, 261, 270, 356.
[4] [No reference]

commenced within three years of the death (MCL 600.5805[8]; MSA 27A.5805[8]).

2. Death — Wrongful Death — Parties — Relation-Back Doctrine.

The doctrine of relation back does not apply to bar the dismissal of a wrongful death action for lack of capacity to sue brought by a party who had been the administrator of the decedent's estate where the estate had been closed prior to the instigation of the wrongful death action and where the statutory period of limitation had run prior to the reopening of the estate and reappointment of the administrator.

Dissent by Cynar, P.J.

3. Death — Wrongful Death — Parties — Relation-Back Doctrine.

*The doctrine of relation back should apply to bar the dismissal of a wrongful death action for lack of capacity to sue brought by a party who had been the administrator of the decedent's estate where the estate had been closed prior to the instigation of the wrongful death action and where the statutory period of limitation had run prior to the reopening of the estate and reappointment of the administrator.*

4. Descent and Distribution — Probate Courts — Reopening Estates.

*The reopening of a decedent's estate may or may not be a mere formality or technicality depending on the circumstances.*

*F. L. Wyckoff,* for plaintiffs.

*Bushnell, Gage, Doctoroff, Reizen & Byington* (by *George E. Bushnell, Jr., Noel A. Gage* and *Lynn H. Shecter*), for defendants.

Before: Cynar, P.J., and V. J. Brennan and H. E. Deming,* JJ.

H. E. Deming, J. Defendants-appellants appeal by leave granted from an order denying a motion for accelerated judgment, GCR 1963, 116.1(3).

---

* Circuit judge, sitting on the Court of Appeals by assignment.

The plaintiffs were coadministrators of the estates of their parents, John R. Fisher and Ina Fisher, deceased. The administration of the respective estates terminated in the probate court and the estates were closed on June 26, 1978, and March 1, 1978.

The genesis of this litigation was an automobile accident which took the lives of John and Ina Fisher. The accident occurred on December 9, 1976. The plaintiffs, as administrators, brought this suit in the Wayne County Circuit Court on December 6, 1979. Thereafter, defendants moved for accelerated judgment, alleging that plaintiffs were not proper parties and that they lacked the capacity to sue. Prior to the hearing on the defense motion, the plaintiffs returned to the probate court and the estates were reopened on April 17, 1980. Plaintiffs were reappointed as coadministrators and moved the circuit court to amend their complaint to assert their proper reappointment as personal representatives of the deceased.

The defense motion was denied after a hearing on April 18, 1980. The trial court opined that the cause of action asserted by plaintiffs was an asset of the estates and that the reopening of the estates was purely ministerial. The court concluded that plaintiffs' reappointment would relate back to the filing of the complaint, avoiding the bar of the statute of limitations. We disagree and reverse.

Only the personal representative of a deceased may bring a statutory wrongful death action. MCL 600.2922(2); MSA 27A.2922(2). The Michigan Supreme Court has placed a strict construction on the term "shall" as it applies to the wrongful death statute. In *Maiuri v Sinacola Construction Co,* 382 Mich 391, 393; 170 NW2d 27 (1969), the Court barred an action:

"This action was brought by Pasquale Maiuri and Amelia Maiuri, husband and wife, parents of the deceased, in their individual capacities, not as representatives of their son's estate. The language of the statute is mandatory. The plaintiffs' action must fail because they are improper parties. *Burns v Van Laan,* 367 Mich 485 [116 NW2d 873] (1962)."

The cause of action under the wrongful death statute accrues when death occurs and an action is timely brought if it is commenced within three years of the death. *Coury v General Motors Corp,* 376 Mich 248, 251; 137 NW2d 134 (1965). The suit was filed within the applicable period of limitation, MCL 600.5805(8); MSA 27A.5805(8), but, because the plaintiffs misrepresented themselves to the circuit court, they were not, at the time the suit was filed, coadministrators in fact.

Initially, we reject plaintiffs' argument that the doctrine of *executor de son tort* should apply. Michigan allows no common-law recovery for wrongful death. Given the strict construction given by the Supreme Court in *Maiuri, supra,* and the earlier rejection of this argument in *Gilkey v Hamilton,* 22 Mich 283, 286 (1871), we are not persuaded that we should follow such a rule.

In *Castle v Lockwood-MacDonald Hospital,* 40 Mich App 597; 199 NW2d 252 (1972), this Court addressed a similar issue. There, plaintiff, a widow of the deceased, was appointed special administratrix solely for the purpose of instituting a lawsuit, since the chief asset of the estate was a cause of action for a wrongful death. The plaintiff in *Castle* had been validly appointed special administratrix before the three-year statute of limitations ran. We held that, because she had acted in good faith, mistakenly believing herself as having the legal authorization to institute a lawsuit, the doctrine of

relation back applied. Concerning the relation-back rule, and its narrow application, the *Castle* Court said:

"The doctrine of 'relation back' is not new. It is generally applied in the following situation:

" '[W]henever letters of administration or testamentary are granted, they relate back to the intestate's or testator's death, and all previous acts of the representative that were beneficial in their nature to the estate, and that were in their nature things that he could have performed had he been duly qualified at the time, are validated.' 31 Am Jur 2d, Executors and Administrators, § 162, p 94.

"Further, in a great majority of the cases in this country when the doctrine of 'relation back' has been considered, it has been held that such an appointment made after the statute of limitation has run against a claim will relate back to validate actions taken on the claim within the statutory period by the person subsequently appointed administrator thus barring reliance upon the defense of limitations by a party against whom the claim is asserted on behalf of the estate. Such result has been reached in wrongful death actions. *Kiley v Lubelsky,* 315 F Supp 1025 (1970). See 3 ALR3d 1234. The apparent reason for the application of the doctrine of relation back as a means of defeating the defense of the statute of limitation is the desire of the courts not to have valid claims avoided by legal technicalities provided the administrator acted in good faith and had some reasonable grounds for believing he had been duly appointed.

\*     \*     \*

"Therefore, we hold that when a validly appointed special administratrix institutes a wrongful death action, under the mistaken belief that she has been specifically authorized to so act, but thereafter discovers her error and procures the proper authorization by probate order in satisfaction of MCL 702.61; MSA 27.3178(131) after the expiration of the applicable statute of limitation, the probate order will relate back to the commencement of the wrongful death action and

the action will be deemed properly commenced within the time limited by statute." *Castle, supra,* 603-604, 606-607.

The same is not true in the case before us. Clearly, these plaintiffs knew that their tenure as coadministrators ended when the estates were closed in 1978. Moreover, the reopening of an estate is not merely a formality, technicality or ministerial function in the probate court. *In re Cook Estate,* 366 Mich 323, 326; 115 NW2d 98 (1962); *Williams v Grossman,* 409 Mich 67, 88; 293 NW2d 315 (1980); MCL 700.593(2); MSA 27.5593(2).

We hold that, where the plaintiffs misrepresented their capacity to sue under the wrongful death act at the time when the suit was filed, the subsequent reopening of the decedent's estate after the period of limitation had expired did not relate back to the filing of this lawsuit. The action is barred by the three-year statute of limitations.

Finally, we disagree with plaintiffs' argument that the trial court could reasonably allow amendment of their complaint under GCR 1963, 118.4. Reliance on *Doan v Chesapeake & Ohio R Co,* 18 Mich App 271; 171 NW2d 27 (1969), is misplaced. First, the plaintiff in *Doan* made no misrepresentation to the circuit court because she sued in her own capacity. Second, no action of the probate court was required to reappoint plaintiff as administratrix of the estate or to reopen an estate that had been closed.

The cause before us is reversed and remanded to the Wayne County Circuit Court with directions to enter a judgment for the defendants. Costs to defendants.

Reversed.

V. J. BRENNAN, J., concurred.

CYNAR, P.J. *(dissenting).* I respectfully dissent from the determination of the majority that the plaintiffs' claims are barred by the statute of limitations. I think that the trial court was correct in applying the doctrine of relation back to the reappointment of plaintiffs as coadministrators of the estates of the decedents.

The trial court found that there was no bad faith in bringing the instant suit, nor was there any prejudice to defendants. I would find, as did the trial court, that *Castle v Lockwood-MacDonald Hospital,* 40 Mich App 597; 199 NW2d 252 (1972), provides ample authority to allow the application of the doctrine of relation back in the instant case. While it is true that *Castle* presents a stronger case than the one at bar, the instant case satisfies the substantive requirements for allowing the relation back. Suit was filed against defendants before the period of limitation had run, thereby putting defendants on notice that they would have to defend against the claims. Plaintiffs brought suit on behalf of the estates. The trial court found that plaintiffs did not act in bad faith, and the only defect in plaintiffs' action was the fact that they had ceased being the coadministrators of the estates by reason of the closing of those estates. *Castle* acknowledges that relation back has been applied where the parties were not appointed until after the period of limitation had run. *Id.,* 603. The instant case is one where a valid claim should not be defeated by legal technicalities. *Id.,* 604.

I also find inappropriate the majority's conclusion that the reopening of an estate is not merely a technicality. It may or may not be, depending on the circumstances, and the majority's cited authority appears neutral on the question.

I would affirm the trial court's ruling.