OSNER v BOUGHNER

Docket No. 82100. Submitted December 11, 1985, at Lansing. Decided
February 19, 1986. Leave to appeal applied for.

Plaintiff, Sharon Osner, individually, as personal representative
of the estate of Clarence Osner, deceased, and as next friend of
Anthony Boudrie, Thomas Hinton, Carolyn Hinton, David Hin-
ton and Douglas Hinton, filed a wrongful death claim against
defendants Anthony Boughner, Pamela Timm and Kenneth
Timm in Lapeer Circuit Court. Plaintiff had yet to be appointed
personal representative of her husband's estate at the time she
filed suit. Defendants moved for accelerated judgment contend-
ing that plaintiff lacked legal capacity to sue and that her suit
was barred by the statute of limitations. The circuit court,
Martin E. Clements, J., granted the motion. Plaintiff appealed.
*Held:*

Plaintiff reasonably believed, based on a misrepresentation
by her attorney, that she was the personal representative at
the time she filed her wrongful death suit. Therefore, her
appointment as personal representative subsequent to the filing
of her suit and the expiration of the period of limitations
should relate back to the date when she filed suit. The circuit
court erred in not applying the relation back doctrine.

Reversed.

1. DEATH — WRONGFUL DEATH.

Wrongful death actions shall be brought by the personal repre-
sentative of a deceased (MCL 600.2922[2]; MSA 27A.2922[2]).

2. ACTIONS — WRONGFUL DEATH — LIMITATION OF ACTIONS.

The period of limitations for wrongful death claims is three years
(MCL 600.5805[8]; MSA 27A.5805[8]).

REFERENCES

Am Jur 2d, Death §§ 9, 35-40.

Running of statute of limitations as affected by doctrine of relation
back of appointment of administrator. 3 ALR3d 1234.

Time from which statute of limitations begins to run against cause
of action for wrongful death. 97 ALR2d 1151.

See also the annotations in the ALR3d/4th Quick Index under
Death.

3. DEATH — WRONGFUL DEATH — PERSONAL REPRESENTATIVE.

> An appointment of a plaintiff as personal representative of a decedent's estate, after the period of limitations for a wrongful death action has expired, relates back to the filing of the wrongful death action, if at the time the suit was filed the plaintiff reasonably believed that he had authority to bring suit as the personal representative.

*Law Offices of Thomas A. Rensberry* (by *Donn A. Hubbell*), for plaintiff.

*Law Office of W. J. Drillock* (by *Richard A. Rinn*), for defendant Boughner.

*Kohl, Secrest, Wardle, Lynch, Clark & Hampton* (by *Michael L. Updike*), for the Timms.

Before: D. E. HOLBROOK, JR., P.J., and T. M. BURNS and HOOD, JJ.

PER CURIAM. Plaintiff initiated a wrongful death action approximately one year after the death of her husband. Defendants successfully moved for accelerated judgment purusant to GCR 1963, 116.1(3) and 116.1(5) on the grounds that plaintiff lacked legal capacity to bring suit in 1981 and that by the time she acquired legal capacity her claim was barred by the statute of limitations. Plaintiff appeals as of right.

Plaintiff's husband was killed in an automobile accident. She filed her wrongful death action as the "duly appointed personal representative of the estate." However, plaintiff was not the personal representative at that time as probate proceedings had not been commenced. She was subsequently appointed in May of 1984. The probate judge refused to give retroactive effect to her appointment. Plaintiff is now seeking to have her appointment as a personal representative relate back so as to validate the filing of her wrongful death action.

Michigan law requires that a wrongful death action shall be brought by the personal representative of the deceased. MCL 600.2922(2); MSA 27A.2922(2). The period of limitations for wrongful death claims is three years. MCL 600.5805(8); MSA 27A.5805(8). Plaintiff was not appointed as the personal representative until one year after the period of limitations expired. If plaintiff's 1984 appointment could relate back to when she filed the suit in 1981, plaintiff's suit would not be barred by the statute of limitations.

This Court has addressed the relation back of an appointment of a personal representative in *Doan v Chesapeake & Ohio R Co,* 18 Mich App 271; 171 NW2d 27 (1969); *Castle v Lockwood-MacDonald Hospital,* 40 Mich App 597; 199 NW2d 252 (1972); and *Fisher v Volkswagenwerk AG,* 115 Mich App 781; 321 NW2d 814 (1982), lv den 418 Mich 874 (1984). A federal court, which assumed jurisdiction based on diversity, discussed this line of cases in *Wieczorek v Volkswagenwerk AG,* 731 F2d 309 (CA 6, 1984). After a careful and thorough review, we reverse the circuit court and permit the relation back of plaintiff's appointment.

The policy behind the doctrine of relation back is to avoid allowing legal technicalities to defeat valid claims. *Castle, supra,* p 604. Apparently, in the instant case, plaintiff had been informed by the attorney representing her at that time that she was automatically the personal representative because she was the spouse of the decedent. Thus, when the suit was filed in 1981 she stated that she was the personal representative. This statement was a misrepresentation. In *Fisher, supra,* the majority did not permit relation back when the plaintiffs misrepresented their capacity to sue.

However, it is not clear what the *Fisher* court

meant by misrepresenting capacity to sue. That phrase is subject to several interpretations. [*Wieczorek, supra,* p 311.]

We adopt the conclusion stated in *Wieczorek, supra,* p 312:

> We therefore conclude that, under Michigan law, an appointment as administrator after the statute of limitations has expired relates back to the filing of a wrongful death suit if at the time the suit was filed the plaintiff reasonably believed he had authority to bring suit as administrator.

Therefore a misrepresentation made in good faith will not bar "relation back." Plaintiff's attorney's innocent or negligent misrepresentation of her status when the complaint was filed was not done in bad faith. We find that plaintiff's belief in her capacity to sue was reasonable.

Accordingly, the trial court's grant of accelerated judgment was improper and is therefore reversed. Plaintiff's appointment "relates back" to the date of original filing and the suit is not barred by the statute of limitations.

Reversed. Costs to appellant.