SMITH v HENRY FORD HOSPITAL

Docket No. 184333. Submitted September 4, 1996, at Detroit. Decided October 25, 1996, at 9:00 A.M.

On March 9, 1994, a complaint was filed in the Wayne Circuit Court on behalf of Harvey Gardner against Henry Ford Hospital and Scott Kaatz, D.O., alleging that the defendants negligently failed to diagnose Gardner's prostate cancer. On the following day, an amended complaint was filed that added a claim of loss of consortium on behalf of Carol Gardner. The complaints had been filed by the Gardners' attorneys, who were unaware that Harvey Gardner had died on March 6, 1994. In September 1994, the defendants moved to dismiss on the basis that no one had standing to file the suit because a personal representative had not been appointed. On October 18, 1994, Eric Smith was appointed as personal representative of the estate of Harvey Gardner. Thereafter, the court, Roland L. Olzark, J., granted the defendants' motion to dismiss, but later granted Smith's motion for reconsideration and reinstated the action, holding that Smith's appointment as personal representative related back to the date of the filing of the original complaint. The defendants appealed by leave granted.

The Court of Appeals *held*:

The trial court erred in allowing the appointment of Smith as personal representative to relate back to the date of the filing of the original complaint. Although the appointment of a personal representative has been held to relate back to the date of the filing of the original complaint in a wrongful death action where the person who filed the complaint brought the action in the good-faith belief of being the personal representative and thus entitled to maintain the wrongful death action, this action was not commenced under such circumstances. Further, the relation-back doctrine was adopted to counteract the effects of the statute of limitations and should not be extended to this situation where the earlier filing date is being sought only to avoid the limitations concerning damages contained in the medical malpractice tort reform act that took effect on April 1, 1994.

Reversed and remanded.

*Meklir, Nolish, Friedman & Saperstein, P.C.* (by *Samuel A. Meklir*), for the plaintiff.

*Sullivan, Ward, Bone, Tyler & Asher, P.C.* (by *Sheri B. Cataldo*), for the defendants.

Before: CAVANAGH, P.J., and MURPHY and C. W. SIMON, JR.,* JJ.

PER CURIAM. Defendants appeal by leave granted the trial court's order ruling that the appointment of a personal representative for the estate of Harvey Gardner should relate back to the filing of the complaint. We reverse and remand for proceedings consistent with this opinion.

The facts of this case are essentially undisputed. On March 9, 1994, a complaint was filed alleging that defendants negligently failed to diagnose the prostate cancer of the named plaintiff, Harvey Gardner. On March 10, 1994, an amended complaint was filed, which added a claim for loss of consortium on behalf of plaintiff Carol Gardner. However, Harvey Gardner had died on March 6, 1994, three days before the initial compliant had been filed. Carol Gardner did not notify her attorneys that her husband had died until June 1994. The medical malpractice tort reform act,[1] which capped the noneconomic damages recoverable in medical malpractice actions, became effective on April 1, 1994.

On September 6, 1994, defendants filed a motion to dismiss, arguing that no one had standing to file the suit because a personal representative had not been appointed. On October 18, 1994, plaintiff Eric Smith

---

* Circuit judge, sitting on the Court of Appeals by assignment.

[1] 1993 PA 78, codified at MCL 600.1483; MSA 27A.1483.

was appointed as personal representative of the estate of Harvey Gardner. On October 21, 1994, the trial court dismissed the claim, ruling that no one had standing to file the lawsuit.

On November 3, 1994, Smith filed a motion for reconsideration in which he argued that the appointment of the personal representative should relate back to the date of the filing of the original complaint. The trial court granted the motion and reinstated the lawsuit. On June 30, 1995, this Court entered an order granting defendants leave to appeal the trial court's ruling and staying proceedings in the trial court pending the outcome.

Defendants argue that the trial court erred in allowing the appointment of a personal representative to relate back to the filing of the complaint. This is a question of law that we review de novo on appeal. *McCaw v T & L Operations, Inc*, 217 Mich App 181, 185; 550 NW2d 852 (1996).

MCL 600.2921; MSA 27A.2921 provides, in pertinent part:

> All actions and claims survive death. Actions on claims for injuries which result in death shall not be prosecuted after the death of the injured person except pursuant to the next section.

The following section provides:

> Every action under this section shall be brought by, and in the name of, the personal representative of the estate of the deceased person. [MCL 600.2922(2); MSA 27A.2922(2).]

The requirement of this section that a wrongful death action be brought by the personal representative of

the deceased is mandatory. *Maiuri v Sinacola Construction Co*, 382 Mich 391, 393; 170 NW2d 27 (1969).

It is undisputed that Harvey Gardner died three days before the complaint in this action was filed. Accordingly, this action was not filed in conformity with MCL 600.2922(2); MSA 27A.2922(2). However, plaintiff Smith argues, and the trial court agreed, that his appointment as personal representative should relate back to the filing of the complaint.

The source of the relation-back doctrine is MCR 2.118(D), which provides:

> Except to demand a trial by jury under MCR 2.508, an amendment relates back to the date of the original pleading if the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth, or attempted to be set forth, in the original pleading.

Interpretation of a court rule is subject to the same basic principles that govern statutory interpretation. A court rule should be construed in accordance with the ordinary and approved usage of the language in light of the purpose to be accomplished by its operation. *Lockhart v Thirty-Sixth Dist Court Judge*, 204 Mich App 684, 688-689; 516 NW2d 76 (1994).

The doctrine of relation back was invented by the courts to associate the amended matter with the original pleading so that it would not be barred by a statute of limitation. *LaBar v Cooper*, 376 Mich 401, 405; 137 NW2d 136 (1965); *Maurer v McManus*, 161 Mich App 38, 48; 409 NW2d 747 (1987). The reason for the application of the doctrine of relation back as a means of defeating a statute of limitation is the desire of the courts not to have valid claims avoided by legal technicalities. *Castle v Lockwood-MacDonald Hosp,*

40 Mich App 597, 603-604; 199 NW2d 252 (1972). The rule does not violate the policy behind statutes of limitation because the transactional basis of a claim must still be pleaded before the statute runs, thus giving the defendant notice of the claim within the statutory period. *LaBar, supra* at 406.

In *Osner v Boughner*, 152 Mich App 744; 394 NW2d 411 (1986), the plaintiff was told by her attorney that she was automatically the personal representative because she was the spouse of the decedent. On the basis of this information, the plaintiff filed a wrongful death action as personal representative in 1981. By the time that the plaintiff was actually appointed personal representative in 1984, the period of limitation had expired. *Id.* at 746. This Court held that an appointment as administrator after the period of limitation has expired relates back to the filing of a wrongful death suit if at the time the suit was filed the plaintiff reasonably believed that he had authority to bring the suit. *Id.* at 747.

However, in *Fisher v Volkswagenwerk Aktiengesellschaft*, 115 Mich App 781; 321 NW2d 814 (1982), this Court held that relation back could not apply. In *Fisher*, the plaintiffs had been administrators of their parents' estates. The estates had already been closed when the plaintiffs brought a wrongful death action. After the period of limitation had run, the estates were reopened and the plaintiffs were appointed administrators. *Id.* at 783. This Court held that the plaintiffs had known that their tenure was over and that they had misrepresented their capacity to sue under the wrongful death statute when the suit was filed. Therefore, the subsequent reopening of the decedents' estates after the period of limitation had

expired did not relate back to the filing of the lawsuit. *Id.* at 786.

In the instant case, the issue presented is not whether either of the plaintiffs had a good-faith, reasonable belief of being the personal representative of Harvey Gardner's estate at the time the lawsuit was filed. Smith had no interest in the case until his appointment as personal representative some seven months after Gardner's death. Carol Gardner admitted that she had neither been the personal representative of her husband's estate nor thought that she had that position. Thus, the question presented is whether the trial court properly held that Smith's appointment related back to the initial filing of the complaint so as to avoid the application of the tort reform act.

In *Maurer, supra,* the plaintiff filed a complaint on October 31, 1983. On July 15, 1985, the defendants filed a motion for summary disposition claiming that they were immune from tort liability pursuant to *Ross v Consumers Power Co (On Rehearing),* 420 Mich 567; 363 NW2d 641 (1984). *Maurer, supra* at 41-42. However, the application of *Ross* was limited to cases pending as of January 22, 1985, in which a governmental immunity defense had been properly raised and preserved. *Id.* at 43, citing *Hyde v Univ of Michigan Bd of Regents,* 426 Mich 223; 393 NW2d 847 (1986). The defendants argued that under MCR 2.118(D) an amendment to their pleadings to add the affirmative defense of governmental immunity would relate back to their original response. This Court rejected the defendants' attempt to utilize the relation-back doctrine:

> [A]s one commentator has explained, the chief purpose of the rule allowing the relation back of amendments is to

> determine whether the statute of limitations has been satis-
> fied. 1 Martin, Dean & Webster, Michigan Court Rules Prac-
> tice, pp 474-481. We confess a great deal of trepidation in
> response to defendants' invitation to extend this rule from
> avoidance of the statutes of limitation to avoidance of stare
> decisis. [*Id.* at 47-48.]

We are similarly apprehensive of extending the rule to the avoidance of legislative intent. The issue in the present case is not whether plaintiffs' claim is barred by the expiration of the statutory period of limitation; rather, the issue is whether the provisions of the medical malpractice tort reform act will apply. The purpose behind the relation-back doctrine is simply not implicated here. See *LaBar, supra.* Accordingly, we conclude that the trial court erred in allowing the appointment of plaintiff Smith as personal representative to relate back to the filing of the initial complaint.

Reversed and remanded for proceedings consistent with this opinion. We do not retain jurisdiction.