*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

CONNIE M. EVERSOLE, Personal Representative
of the ESTATE OF CHRISTOPHER P.
EVERSOLE,

      Plaintiff-Appellant,

v

JANNELLE NASH and ORION FAMILY
PHYSICIANS, PC,

      Defendants-Appellees.

FOR PUBLICATION
June 13, 2024
9:05 a.m.

No. 366556
Oakland Circuit Court
LC No. 2023-198036-NH

Before: MURRAY, P.J., and RIORDAN and D. H. SAWYER*, JJ.

MURRAY, P.J.

In this wrongful-death medical-malpractice action, plaintiff, Connie M. Eversole, Personal Representative of the Estate of Christopher P. Eversole, appeals as of right the final order granting defendants, Jannelle Nash and Orion Family Physicians, P.C., summary disposition pursuant to MCR 2.116(C)(5) (plaintiff lacked legal capacity to sue) and (C)(7) (claim barred by statute of limitations) on the basis that plaintiff's appointment as the estate's personal representative did not relate back to the time she filed the complaint on behalf of the estate. We reverse and remand for further proceedings.

## I. BACKGROUND

According to plaintiff, the decedent, her late husband, passed away on January 24, 2018. More than four years later, on July 1, 2022, plaintiff's attorney served defendants with a "Notice of Intent" to file a medical-malpractice claim, which identified the claimant as "The Estate of Christopher P. Eversole, deceased, via Connie M. Eversole, Christopher's wife, and anticipated Personal Representative of his Estate." Plaintiff then commenced this medical-malpractice and wrongful-death action on January 4, 2023. The complaint was brought in the name of "Connie M. Eversole As Personal Representative of the Estate of Christopher P. Eversole, Deceased," and

_____

*Former Court of Appeals judge, sitting on the Court of Appeals by assignment.

-1-

plaintiff's attorney signed it. However, plaintiff had not yet been appointed personal representative of the estate. Instead, on January 30, 2023, 26 days after plaintiff filed this action, the probate court issued letters of authority appointing plaintiff personal representative of Eversole's estate.

Defendants promptly moved for summary disposition under MCR 2.116(C)(5) and (C)(7), arguing, relevant to the issues on appeal, that plaintiff lacked the legal capacity to sue on behalf of the estate because, under MCL 600.2922(2), a wrongful-death action must be brought by the personal representative, and plaintiff did not have that status when she filed the complaint. And, defendants argued, because plaintiff failed to properly commence the lawsuit within the applicable limitations period, the estate's wrongful-death claim was filed outside the two-year medical-malpractice limitations period that expired on January 18, 2020, and outside MCL 600.5852's wrongful-death saving period that expired on January 18, 2023. Anticipating plaintiff's response, defendants maintained that the common-law relation-back doctrine did not apply to validate plaintiff's improperly-filed complaint, as plaintiff could not show that she acted in good faith, with a reasonable belief that she had authority to act as the estate's personal representative, when she filed the complaint.

Plaintiff argued that the relation-back doctrine did in fact apply, and operated to relate her appointment as personal representative back to the time she filed the complaint, thus rendering her wrongful-death action timely. According to plaintiff, she had a good-faith reasonable belief that she was the estate's personal representative when she filed the complaint, and because relation back applied, she complied with MCL 600.2922(2)'s requirement that a personal representative bring a wrongful-death action, making summary disposition under MCR 2.116(C)(5) improper. As to the statute of limitations, plaintiff argued that summary disposition was improper because she timely filed the action within MCL 600.5852's wrongful-death saving period.

The trial court held that the relation-back doctrine did not apply, as there was no dispute that plaintiff was aware she did not have letters of authority at the time she filed suit:

> I do not want to take her claim away and . . . that's the purpose of the relation back doctrine . . . is to save claims . . . when . . . people in good faith had no idea. But she didn't have the capacity to sue and she didn't have a . . . good faith belief that she was a personal representative [at the time she commenced the action]. In fact, she knew . . . that she wasn't. . . .

The trial court therefore granted defendants' motion for summary disposition, and dismissed plaintiff's complaint with prejudice, on the basis that the relation-back doctrine did not apply and that the claim was barred by the statute of limitations.

II. ANALYSIS

A. STANDARDS OF REVIEW

"A trial court's decision on a motion for summary disposition is reviewed de novo." *Tice Estate v Tice*, 288 Mich App 665, 668; 795 NW2d 604 (2010). Summary disposition is appropriate under MCR 2.116(C)(7) if "the claim is barred because of the statute of limitations." *Id.* (alterations and quotations marks omitted). "With regard to a motion for summary disposition

pursuant to MCR 2.116(C)(7), this Court reviews the affidavits, pleadings, and other documentary evidence presented by the parties and accept[s] the plaintiff's well-pleaded allegations, except those contradicted by documentary evidence, as true." *Id.* (quotation marks and citation omitted; alteration in original).

Summary disposition is appropriate under MCR 2.116(C)(5) if "[t]he party asserting the claims lacks the legal capacity to sue." When reviewing a ruling on a motion under that rule, this Court "must consider the pleadings, depositions, admissions, affidavits, and other documentary evidence submitted by the parties." *Wortelboer v Benzie Co*, 212 Mich App 208, 213; 537 NW2d 603 (1995), citing MCR 2.116(G)(5). However, defendants' motion concerned whether plaintiff was the real party in interest with standing to bring this wrongful-death action on behalf of Eversole's estate, which " 'is not the same as the legal-capacity-to-sue defense.' " *Cannon Twp v Rockford Pub Sch*, 311 Mich App 403, 411; 875 NW2d 242 (2015), quoting *Leite v Dow Chem Co*, 439 Mich 920, 920; 478 NW2d 892 (1992). "[A] motion for summary disposition asserting the real-party-in-interest defense more properly fits 'within MCR 2.116(C)(8) or MCR 2.116(C)(10), depending on the pleadings or other circumstances of the particular case.' " *Cannon Twp*, 311 Mich App at 411, quoting *Leite*, 439 Mich at 920. Because the trial court considered documents outside the pleadings in deciding whether plaintiff had the legal authority to bring this wrongful-death action, we will "treat the trial court's decision as having been made under MCR 2.116(C)(10)." *Cannon Twp*, 311 Mich App at 411, citing *Maiden v Rozwood*, 461 Mich 109, 119-120; 597 NW2d 817 (1999).

"A motion under MCR 2.116(C)(10) tests the factual sufficiency of the complaint." *Cannon Twp*, 311 Mich App at 411, citing *Maiden*, 461 Mich at 120. In reviewing a motion for summary disposition brought under MCR 2.116(C)(10), a trial court considers affidavits, pleadings, depositions, admissions, and documentary evidence filed in the action or submitted by the parties in the light most favorable to the party opposing the motion. *Cannon Twp*, 311 Mich App at 411; MCR 2.116(G)(5). A trial court may grant a motion for summary disposition under MCR 2.116(C)(10) if the affidavits or other documentary evidence show that there is no genuine issue in respect to any material fact, and the moving party is entitled to judgment as a matter of law. MCR 2.116(C)(10), (G)(4).

The interpretation and application of a statute presents a question of law subject to review de novo. *Eggleston v Bio-Med Applications of Detroit, Inc*, 468 Mich 29, 32; 658 NW2d 139 (2003).

> The primary goal of statutory interpretation is to ascertain the legislative intent that may reasonably be inferred from the statutory language. The first step in that determination is to review the language of the statute itself. Unless statutorily defined, every word or phrase of a statute should be accorded its plain and ordinary meaning, taking into account the context in which the words are used. [*Spectrum Health Hosps v Farm Bureau Mut Ins Co of Mich*, 492 Mich 503, 515; 821 NW2d 117 (2012) (quotation marks and citation omitted).]

"If the language of a statute is clear, no further analysis is necessary or allowed." *Eggleston*, 468 Mich at 32.

Whether a plaintiff is the real party in interest is a question of law subject to review de novo, *Cannon Twp*, 311 Mich App at 411, as is whether a personal representative's subsequent appointment as personal representative relates back in time to validate an earlier-filed complaint, *Smith v Henry Ford Hosp*, 219 Mich App 555, 557; 557 NW2d 154 (1996).

## B. THE MERITS

A proper resolution of plaintiff's appeal requires consideration of three separate, but related, statutes: MCL 600.2922(2), MCL 600.5852, and MCL 700.3701.

### 1. MCL 600.2922(2)

Turning first to MCL 600.2922(2), that provision provides that a wrongful-death action "shall be brought by, and in the name of, the personal representative of the estate of the deceased." This language is mandatory, precluding anyone but the personal representative from maintaining a wrongful-death action. *Maiuri v Sinacola Constr Co*, 382 Mich 391, 393; 170 NW2d 27 (1969); *Smith*, 219 Mich App at 557-558. Through this language the Legislature clearly expressed its desire that "a person be acting in their representative capacity" in order to commence a wrongful-death action. *Halton v Fawcett*, 259 Mich App 699, 704; 675 NW2d 880 (2003). The court rules also provide that an action must be brought by the real party in interest, MCR 2.201(B), here, the estate's personal representative, MCL 600.2922(2).[1] Therefore, only a personal representative may commence a wrongful-death action.[2]

### 2. MCL 600.5852

There are also statutory timing requirements concerning when a personal representative may bring a wrongful-death action. "Because an underlying claim 'survives by law' and must be prosecuted under the wrongful-death act, . . . any statutory or common-law limitations on the underlying claim apply to a wrongful-death action." *Dale Estate v Robinson*, 279 Mich App 676, 682-683; 760 NW2d 557 (2008) (quotation marks and citation omitted). "Accordingly, a wrongful-death medical-malpractice action is governed by the statute of limitations and the accrual

---

[1] "A real party in interest is one who is vested with the right of action on a given claim, although the beneficial interest may be in another." *Blue Cross and Blue Shield of Mich v Eaton Rapids Community Hosp*, 221 Mich App 301, 311; 561 NW2d 488 (1997).

[2] This comports with the Estates and Protected Individuals Code (EPIC), MCL 700.1101 *et seq.*, according to which, "to acquire the powers . . . of a decedent's personal representative, a person must be appointed by the register or by court order, must qualify, and must be issued letters." MCL 700.3103. "The issuance of letters commences an estate's administration." *Id.* And "[a] personal representative's duties and powers commence on appointment." MCL 700.3701. Once appointed, a personal representative has the authority to "[p]rosecute or defend a claim," MCL 700.3715(1)(x), and acquires standing to sue, MCL 700.3703(3) ("a personal representative of a decedent domiciled in this state at death has the same standing to sue and be sued . . . as the decedent had immediately prior to death").

-4-

statute applicable to medical-malpractice claims." *Id*. at 683. "A plaintiff in a medical-malpractice action has two years from the date the cause of action accrued in which to file suit, MCL 600.5805(6),[3] and a medical-malpractice claim generally 'accrues at the time of the act or omission that is the basis for the claim of medical malpractice . . . ,' MCL 600.5838a(1)." *Dale Estate*, 279 Mich App at 683.

"However, the Legislature has afforded personal representatives additional time in which to pursue legal action on behalf of a decedent's estate." *Id*. MCL 600.5852, known as the wrongful-death saving provision, provides as follows:

> (1) If a person dies before the period of limitations has run or within 30 days after the period of limitations has run, an action that survives by law may be commenced by the personal representative of the deceased person at any time within 2 years after letters of authority are issued although the period of limitations has run.

> (2) If the action that survives by law is an action alleging medical malpractice, the 2-year period under subsection (1) runs from the date letters of authority are issued to the first personal representative of an estate. Except as provided in subsection (3) [concerning the death or legal incapacity of a personal representative], the issuance of subsequent letters of authority does not enlarge the time within which the action may be commenced.

> \* \* \*

> (4) Notwithstanding subsections (1) to (3), an action shall not be commenced under this section later than 3 years after the period of limitations has run.

MCL 600.5852 is not a statute of limitations; rather, it is "a *saving* provision designed 'to preserve actions that survive death in order that the representative of the estate may have a reasonable time to pursue such actions.' " *Waltz v Wyse*, 469 Mich 642, 655; 677 NW2d 813 (2004), quoting *Lindsey v Harper Hosp*, 455 Mich 56, 66; 564 NW2d 861 (1997).[4] "Section 5852 clearly provides that it is an *exception* to the limitation period, allowing the commencement of a wrongful death action as many as three years after the applicable statute of limitations has expired." *Waltz*, 469 Mich at 651.[5] In other words, under MCL 600.5852, "a personal representative may file a medical

---

[3] On January 18, 2018, when this action accrued, MCL 600.5805(6) provided the malpractice limitations period. MCL 600.5805 was amended by 2018 PA 183, effective June 12, 2018, and the malpractice limitations period was renumbered as Subsection (8). We refer to Subsection (6) in this opinion.

[4] Superseded by statute on other grounds as recognized in *Braverman v Garden City Hosp*, 480 Mich 1159 n 1; 746 NW2d 612 (2008).

[5] "[E]xceptions to statutes of limitation are to be strictly construed." *Mair v Consumers Power Co*, 419 Mich 74, 80; 348 NW2d 256 (1984).

malpractice suit on behalf of a deceased person for two years *after* letters of authority are issued, as long as that suit is commenced within three years after the two-year malpractice limitations period expired." *Farley v Advanced Cardiovascular Health Specialists, PC*, 266 Mich App 566, 572-573; 703 NW2d 115 (2005) (emphasis added).

MCL 600.5852 thus provides a maximum of five years from the date the deceased's medical-malpractice claim accrues in which a personal representative may bring a wrongful-death action. *Waltz*, 469 Mich at 649. However, this Court has cautioned that

> the three-year ceiling in this provision does not establish an independent period during which a personal representative may bring suit. Specifically, it does not authorize a personal representative to file suit at any time within three years after the period of limitations has run. Rather, the three-year ceiling limits the two-year saving period to those cases brought within three years of when the malpractice limitations period expired. As a result, while the three-year ceiling can *shorten* the two-year window during which a personal representative may file suit, it cannot *lengthen* it. [*Farley*, 266 Mich App at 573 n 16.][6]

Thus, a wrongful-death action is properly commenced pursuant to MCL 600.5852's saving period if "the complaint was filed within two years of the issuance of the . . . personal representative's letters of authority and within three years after the period of limitations had expired." *Dale Estate*, 279 Mich App at 688-689. That is, MCL 600.5852 plainly provides that the two-year saving period "is measured from the date the letters of authority are issued." *Id*. at 686 (quotation marks and citation omitted).

Plaintiff's complaint clearly did not conform to these statutory timing and standing requirements. Plaintiff brought this medical-malpractice wrongful-death action on January 4, 2023, even though (1) she was not the personal representative of Eversole's estate, and (2) the applicable medical-malpractice limitations period under MCL 600.5805(6) expired on January 18, 2020, or two years after the claim accrued on January 18, 2018, the date defendants treated Eversole, MCL 600.5838a(1).

Recognizing this, plaintiff turned to MCL 600.5852's saving provision, which, again, provides that "a personal representative may file a medical malpractice suit on behalf of a deceased person for two years *after* letters of authority are issued, as long as that suit is commenced within

---

[6] *Waltz* and *Farley* considered a former version of MCL 600.5852, 1988 PA 221, as amended, effective January 1, 1989, which similarly provided as follows:

> If a person dies before the period of limitations has run or within 30 days after the period of limitations has run, an action which survives by law may be commenced by the personal representative of the deceased person at any time within 2 years after letters of authority are issued although the period of limitations has run. But an action shall not be brought under this provision unless the personal representative commences it within 3 years after the period of limitation has run.

three years after the two-year malpractice limitations period expired." *Farley*, 266 Mich App at 572-573 (emphasis added). See also *Eggleston*, 468 Mich at 32-33. However, because the probate court did not issue plaintiff's letters of authority[7] until January 30, 2023, 26 days after she filed this wrongful-death action, plaintiff clearly lacked authority under MCL 600.2922(2) to bring the action when she filed it.[8] Thus, this wrongful-death action was not properly commenced by a personal representative, MCL 600.2922(2), within two years *after* issuance of the letters of authority, MCL 600.5852(1). See *McMiddleton v Bolling*, 267 Mich App 667, 673; 705 NW2d 720 (2005) (MCL 600.5852 " 'clearly allows an action to be brought within two years *after* letters of authority are issued to the personal representative' . . . not *before* her appointment.") (citation omitted). See also *Jesse Estate v Lakeland Specialty Hosp at Berrien Ctr*, 328 Mich App 142, 147-148; 936 NW2d 705 (2019) (concluding that "a personal representative may not commence an action until he has authority to do so and he receives this authority on the date the probate judge signs letters of authority," and the saving provision "begin[s] to run from the date the personal representative has authority to commence an action").

Under these circumstances and controlling law, plaintiff did not properly commence this wrongful-death action as a personal representative acting under letters of authority within the wrongful-death saving period as required by MCL 600.2922(2) and MCL 600.5852. But the final of the three statutory provisions, MCL 700.3701, provides plaintiff relief.

### 3. MCL 700.3701

Relying on the common-law relation-back doctrine and MCL 700.3701, plaintiff argues that her appointment as personal representative related back to the time she filed the complaint, thus preserving the estate's wrongful-death action. In addressing this issue, both parties spill a great deal of ink discussing which of the common-law cases apply. These common-law relation-back decisions generally hold that the appointment of a personal representative of an estate occurring after the statute of limitations for a claim has expired relates back to the timely filing of a complaint on the estate's behalf as long as the personal representative had a good faith belief that they had the authority to act, when in fact they did not.[9] We conclude, however, that MCL 700.3701 is dispositive.

---

[7] The "letters of authority establishing an estate are 'issued' on the date they are signed by the register or the probate judge." *Jesse Estate v Lakeland Specialty Hosp at Berrien Ctr*, 328 Mich App 142, 150; 936 NW2d 705 (2019).

[8] The EPIC defines "personal representative" broadly as including, but not limited to, "an executor, administrator, successor personal representative, and special personal representative, and any other person . . . who performs substantially the same function under the law governing that person's status." MCL 700.1106(p). Plaintiff did not argue, nor is there any evidence in the record, that she had authority to act on behalf of Eversole's estate before the probate court issued her letters of authority.

[9] See, e.g., *Smith*, 219 Mich App at 557; *Osner v Boughner*, 152 Mich App 744, 747; 394 NW2d 411 (1986); *Saltmarsh v Burnard*, 151 Mich App 476, 491; 391 NW2d 382 (1986) (holding "that

EPIC includes the following relation-back provision:

> A personal representative's duties and powers commence on appointment. *A personal representative's powers relate back in time to give acts by the person appointed that are beneficial to the estate occurring before appointment the same effect as those occurring after appointment.* Subject to sections 3206 to 3207, before or after appointment, a person named as a personal representative in a will may carry out the decedent's written instructions relating to the decedent's body, funeral, and burial arrangements. A personal representative may ratify and accept an act on behalf of the estate done by another if the act would have been proper for a personal representative. [MCL 700.3701 (emphasis added).]

MCL 700.3701 makes clear that a personal representative's authority to act on behalf of the estate arises from her appointment, and relates back to previous acts taken by the appointed person if those acts were beneficial to the estate. The statute thus "applies certain legal fictions to a personal representative's premature actions . . . ." *Mullins v St Joseph Mercy Hosp*, 269 Mich App 586, 590; 711 NW2d 448 (2006), rev'd on other grounds, 480 Mich 948 (2007). Notably, unlike the common-law relation-back doctrine, MCL 700.3701 does not contain any good-faith or reasonable-belief requirement.[10]

We conclude that under MCL 700.3701, the powers granted by the letters of authority related back to the date plaintiff filed the complaint on behalf of the estate, i.e., January 4, 2023, as filing that timely action was beneficial to the estate. Though the language of the statute provides

---

an appointment as administrator after the period of limitations has expired relates back to the filing of suit if, at the time the suit was filed the plaintiff holds a good faith reasonable belief that he has authority to bring suit as administrator, provided that the defendant is not prejudiced by the application of the relation-back doctrine in such situations"); *Warren v Howlett*, 148 Mich App 417, 422-423; 383 NW2d 636 (1986); *Fisher v Volkswagenwerk Aktiengesellschaft*, 115 Mich App 781, 786; 321 NW2d 814 (1982) (appointment as personal representative did not relate back because of an absence of good faith at time complaint was filed); *Castle v Lockwood-MacDonald Hosp*, 40 Mich App 597, 605-606; 199 NW2d 252 (1972) (appointment as personal representative after statute of limitations expired related back to when the plaintiff filed a timely complaint, given her good faith belief she had the authority); *Doan v Chesapeake & Ohio Railway Co*, 18 Mich App 271, 279; 171 NW2d 27 (1969).

[10] MCL 700.3701 became effective April 1, 2000, 1998 PA 386, and was not in place when most of the common-law relation-back decisions were decided. MCL 700.3701 was previously codified at MCL 700.332, 1978 PA 642, effective July 1, 1979, and provided, in relevant part, as follows:

> The duties and powers of an independent personal representative commence upon appointment. The powers of an independent personal representative relate back in time to give acts by the person appointed which are beneficial to the estate occurring before the appointment the same effect as those occurring thereafter.

The common law cases did not consider the effect of MCL 700.332.

the answer to this question, there are several opinions that tangentially touch on the meaning of MCL 700.3701. And those opinions support our reading of this rather straightforward statute.

For example, in *Tice Estate*, Robert Porter, the son of the decedent, Gloria Tice, filed an action in his individual capacity to quiet title to disputed property after his mother's estate was closed. *Tice Estate*, 288 Mich App at 667. The defendants moved for summary disposition under MCR 2.116(C)(5), arguing that Porter was not the real party in interest, and should have brought the suit as the estate's personal representative. *Id*. After the estate was reopened, Porter filed an amended complaint in his capacity as the personal representative, after which the defendants moved for summary disposition under MCR 2.116(C)(7), arguing that the claim was now barred by the statute of limitations. *Id*. The trial court agreed and granted defendants summary disposition, concluding that "because the complaint was not amended to reflect that the estate was the plaintiff until after the [applicable limitations period] expired, . . . the action was not timely filed." *Id*. at 667-669.

This Court reversed. Applying *Stamp v Mill Street Inn*, 152 Mich App 290; 393 NW2d 614 (1986), which concerned the amendment of a pleading to substitute a party, this Court concluded that the estate "should have been allowed to take advantage of Porter's filing of the original complaint" because Porter, the ultimate beneficiary of the estate, had an interest in the matter. *Tice Estate*, 288 Mich App at 669-670. But this Court also referenced MCL 700.3701:

> Peculiar to this case, there is also statutory support for such a holding [in MCL 700.3701].
>
> *    *    *
>
> Under this statute, it appears that Porter's act of commencing the suit should have been given the same effect as if, in April 2008, he had been the personal representative of the decedent. If Porter had been the personal representative at the time that he filed suit, then the only issue would have been that the case was not properly captioned. This Court has held that the form of the caption is generally not of particular importance.
>
> From the foregoing, we conclude that the amended complaint related back in time to the filing of the original complaint. The relation-back doctrine does not extend to the addition of new parties, but when a plaintiff has brought an action in the wrong capacity, a new plaintiff is allowed to take advantage of the original action if the original plaintiff had an interest in the subject matter of the controversy. Under the *Stamp* rule, the estate should have been allowed to take advantage of the original filing because Porter, as Gloria's heir, had an interest in the subject matter of the controversy. Permitting relation back is also supported by MCL 700.3701, under which Porter's act of commencing the suit should have been given the same effect as if, at the time, he was the decedent's personal representative. Notably, defendants had notice within the statutory period that they would have to defend against claims of a fraudulent transfer and an insufficient deed. Thus, ruling in the estate's favor will not undermine the purpose of the statute of limitations. [*Tice Estate*, 288 Mich App 670-671 (citations omitted).]

*Tice Estate* generally supports the relation back under MCL 700.3701 of a personal representative's appointment to validate a previously-filed complaint. However, *Tice Estate* did not involve a wrongful-death action, for which the requirements of MCL 600.5852 (establishing the timing requirements of a wrongful-death action) and MCL 600.2922(2) (the personal representative must file a wrongful-death action) are implicated.

*Waltz* also briefly mentions MCL 700.3701. There, the plaintiff filed a notice of intent in January 1999, well outside the applicable two-year medical-malpractice wrongful-death limitations period that began to run, at the latest, on April 18, 1994. On May 27, 1999, the plaintiff was appointed personal representative, and on June 23, 1999, the plaintiff commenced a wrongful-death action. *Waltz*, 469 Mich at 645. The defendants moved for summary disposition, arguing that the plaintiff's complaint was not timely filed because it was filed *after* the maximum five-year period under MCL 600.5852 lapsed on April 18, 1999. *Id*. at 645-646. The plaintiff countered that her complaint was timely filed within the two-year wrongful-death saving period, because the notice-tolling provision, MCL 600.5856, extended the saving period an additional six months. *Id*. at 648. Although the Court held that a notice of intent filed outside of the statutory limitations period does not toll the wrongful-death saving period, barring the plaintiff's complaint, the Court in dictum discussed MCL 700.3701:

> Although in light of our resolution of this matter it is not necessary to address at any length the significance of the fact that plaintiff had not yet been appointed personal representative at the time that she filed her notices of intent, we note that former MCL 700.332 (repealed and recodified in part at MCL 700.3701, 1998 PA 386, effective April 1, 2000) provided that "[t]he powers of an independent personal representative relate back in time to give acts by the person appointed which are beneficial to the estate occurring before the appointment the same effect as those occurring thereafter." [*Waltz*, 469 Mich at 647 n 8 (alteration in original).]

The *Waltz* Court thus implied that MCL 700.3701's predecessor would have applied to relate the plaintiff's appointment back in time to give the notice of intent effect.

In *McMiddleton*, cited by both parties, the original personal representative did not bring the medical-malpractice wrongful-death action within the statutory two-year limitations period, or within two years after the issuance of her letters of authority, and thus, the action was untimely. On the last day of the maximum period in which to file an action under MCL 600.5852, the plaintiff was appointed successor personal representative, but did not file a complaint. *McMiddleton*, 267 Mich App at 673. The plaintiff contended that she did not need to file another complaint because the original personal representative had already commenced an action within MCL 600.5852's five-year maximum period. *Id*. This Court disagreed, concluding that, under MCL 600.5852, "a successor personal representative cannot rely on the untimely filed complaint that was filed before she was appointed." *Id*., citing *Eggleston*, 468 Mich at 33. Pertinent here, this Court rejected the plaintiff's argument that her appointment related back in time under MCL 700.3701 to validate the original untimely filed complaint:

> Plaintiff also cites MCL 700.3701 asserting that the successor personal representative's powers "relate back in time to give acts by the person appointed that are beneficial to the estate occurring before appointment the same effect as

those occurring after appointment." Plaintiff also asserts that, the same statute states, " 'A personal representative may ratify and accept an act on behalf of the estate done by another if the act would have been proper for a personal representative.' " The problem with this argument is that the original personal representative filed the complaint more than two years after she had been appointed; in other words, she filed the complaint untimely. This act was not beneficial to the estate. Further, even if the successor personal representative ratifies this act she is only ratifying the filing of an untimely complaint. Therefore, we conclude that MCL 700.3701 does not support the conclusion that the appointment of a successor personal representative can render timely an untimely complaint filed by the original personal representative. [*McMiddleton*, 267 Mich App at 673-674.]

Under the *McMiddleton* Court's reasoning, a personal representative's appointment may arguably relate back under MCL 700.3701 to give effect to a wrongful-death action that was filed within MCL 600.5852's two-year saving period, as the filing of a timely complaint would be beneficial to the estate. See also *Chernoff v Sinai Hosp of Greater Detroit*, 471 Mich 910, 910; 688 NW2d 284 (2004) (MARKMAN, J., *concurring*).

These decisions, as well as the plain language of the statute, support application of MCL 700.3701 to this wrongful-death action. As noted, plaintiff timely filed the complaint, but did not have the authority to do so in the absence of her appointment as personal representative of the estate. But once she received that appointment, it related back to the timely filing of the complaint so long as that prior act, the timely filing of the complaint, benefitted the estate. Because it did benefit the estate, the court should have allowed plaintiff's appointment as personal representative to relate back. This conclusion is consistent with the other involved statutes, namely MCL 600.5852 and MCL 600.2922(2).

"Under the rule of construction of statutes in pari materia, it is appropriate to harmonize statutory provisions that serve a common purpose when attempting to discern the intent of the Legislature." *Lindsey*, 455 Mich at 65. And, as recognized in a different context, MCL 600.5852's "saving provision . . . and the Probate Code [now EPIC[11]] are intended to work together to preserve legal actions that survive death and to define the running of the statute of limitations where a person dies before or within thirty days of the running of the period of limitation." *Id*.

Contrary to defendants' argument, relating back a personal representative's powers under MCL 700.3701 to give effect to a prematurely-filed wrongful-death action does not defeat the clear legislative intent expressed in MCL 600.2922(2), authorizing only the personal representative to bring a wrongful-death action. Rather, relation back of a personal representative's appointment under MCL 700.3701 preserves an estate's otherwise valid wrongful-death claim by providing a

---

[11] Effective April 1, 2000, the Revised Probate Code was repealed and replaced by the EPIC. MCL 700.8102(c).

means to cure the initial lack of standing.[12]  Thus, MCL 700.3701's relation-back provision can be read harmoniously with MCL 600.2922(2) to advance the common purpose of preserving an estate's valid and timely wrongful-death claim.  See *Smith*, 219 Mich App at 558.

Further, well before the Legislature enacted MCL 700.3701, this Court applied the relation-back doctrine to preserve a wrongful-death action where the plaintiff reasonably believed, in good faith, that he or she had the authority to file the complaint, even though MCL 600.2922(2) required that the action be brought by the personal representative.  See note 9 of this opinion.  It is presumed that the Legislature knew of the existence of this common law when it enacted MCL 700.3701, *Wold Architects and Engineers v Strat*, 474 Mich 223, 234; 713 NW2d 750 (2006), and if the Legislature intended that a personal representative's powers would not relate back in time under MCL 700.3701 to give effect to a wrongful-death action, it could have expressly limited MCL 700.3701's reach, but it did not.

Defendants also argue that the saving period within MCL 600.5852 would be rendered nugatory if the provisions of MCL 700.3701 permitted plaintiff's complaint to be timely.  According to defendants, plaintiff did not timely invoke the two-year saving period under MCL 600.5852(1), even if she is deemed to have properly filed the complaint on January 4, 2023, by operation of MCL 700.3701.  This is so, defendants argue, because the issuance of the *letters of authority* is the event that triggers MCL 600.5852's two-year saving period, not the filing of the complaint.  And plaintiff's letters of authority were not issued until January 30, 2023, after the five-year grace period under MCL 600.5852 expired on January 18, 2023.

Acceptance of defendants' argument requires a strained reading of MCL 700.3701, and ignores the legal fiction that the statute imposes.  It is true that under MCL 700.3701, it is the letters of authority that grant a person the power to act as a personal representative, but it is equally true that if that power relates back to an earlier act, the law treats it as if the person was the personal representative when previously acting.  Thus, the requirement within MCL 600.5852, that the two-year period commences once letters of authority are granted, will have been complied with when acting under the legal fiction provided by the relation-back provision of MCL 700.3701.[13]  For the same reason, so too will have MCL 600.2922(2).

---

[12] "[T]he cause of action granted to the personal representative of a decedent's estate by the wrongful death act is a derivative one . . . ."  *Haque v Oakland Probate Judge*, 237 Mich App 295, 309; 602 NW2d 622 (1999).  Thus, "the legal right [a personal representative] represents belongs to the estate, and her claim must be brought on behalf of the estate."  *Washington v Sinai Hosp of Greater Detroit*, 478 Mich 412, 420; 733 NW2d 755 (2007).

[13] Of course, the other requirement of MCL 600.5852, that the complaint be filed within that timeframe, was indisputably complied with by plaintiff.  And the fact that the complaint was filed within that timeframe will usually prevent any prejudice to a defendant.  See *Tice*, 288 Mich App at 671.

The trial court's order granting defendants' motion for summary disposition is reversed, and the matter is remanded for further proceedings. Plaintiff may tax costs, having prevailed in full. MCR 7.219(A).

/s/ Christopher M. Murray
/s/ Michael J. Riordan
/s/ David H. Sawyer