WARREN v HOWLETT

Docket No. 82971. Submitted December 9, 1985, at Grand Rapids.—
Decided January 21, 1986.

Ted J. Monahan died approximately 11 hours after being admit-
ted at a hospital for treatment of head injuries he sustained in
a bicycle riding accident which involved defendant, George C.
Howlett. Plaintiff, Jon T. Warren, in his apparent capacity as
the personal representative of the estate of the decedent, filed a
wrongful death suit against defendant, George C. Howlett, in
Calhoun Circuit Court. Plaintiff had not filed the appropriate
papers in probate court and had not been appointed the dece-
dent's personal representative at the time he filed the suit.
Defendant filed a motion for accelerated judgment on the
grounds that plaintiff lacked legal capacity to sue and that the
suit was barred by the statute of limitations. The circuit court,
James C. Kingsley, J., granted defendant's motion. Plaintiff
appealed. *Held:*

1. Plaintiff was not the decedent's personal representative at
the time the suit was filed. He could not therefore have prop-
erly filed suit until his appointment. Plaintiff was not entitled
to relate his subsequent appointment back to the time when he
filed suit.

2. Plaintiff had no interest in the suit, having not been
appointed as the personal representative at the time it was
filed. Therefore, plaintiff could not have properly amended his
complaint under the court rules to relate his appointment back
to the time when he filed suit.

3. The circuit court erred in concluding that plaintiff's suit

REFERENCES

Am Jur 2d, Brokers §§ 18 *et seq.,* 53.

Am Jur 2d, Statutes §§ 236, 237, 343, 344.

Necessity of having real estate broker's license in order to recover
commission as affected by fact that business sold includes real
property. 82 ALR3d 1139.

Procurement of real-estate broker's license subsequent to execution
of contract for services as entitling broker to compensation for
service. 80 ALR3d 318.

Broker's right to compensation as affected by lack of license on the
part of partners, coadventurers, employees, or other associates. 8
ALR3d 523.

was barred by the statute of limitations. The case presented a survival action rather than a wrongful death action since the decedent did not die instantaneously but lived for 11 hours after sustaining his injury. The period of limitation had not run on the plaintiff inasmuch as he could file a survival action within two years of receiving his letters testamentary.

4. The circuit court, in its written opinion, based its decision on both the lack of plaintiff's capacity to sue and the statute of limitations. The order granting accelerated judgment was based only on the statute of limitations issue. However, the circuit court reached the right result, albeit for the wrong reason.

Affirmed.

1. DEATH — WRONGFUL DEATH — PARTIES — STATUTES.

A wrongful death or survival action must be brought by, and in the name of, the personal representative of a decedent (MCL 600.2922[2]; MSA 27A.2922[2]).

2. DEATH — WRONGFUL DEATH — PARTIES — RELATION-BACK DOCTRINE.

The doctrine of relation back does not apply to bar the dismissal of a wrongful death action for lack of capacity to sue brought by a party who has not been appointed as the personal representative of a decedent at the time the action is filed and who is an attorney who should know that he lacks capacity to sue without the appointment.

3. PLEADING — AMENDMENT OF PLEADINGS — PARTIES — COURT RULES.

Amendment of pleadings to change the identity of the party-plaintiff may be allowed where the plaintiff originally brought the action in the wrong capacity, and the new plaintiff may be allowed to take advantage of the former action, if the original plaintiff had, in any capacity, either before or after the commencement of the action, an interest in the subject matter of the controversy (GCR 1963, 118.1, now MCR 2.118[2]).

4. DEATH — WRONGFUL DEATH — SURVIVAL ACTIONS — STATUTES.

Where a tort victim dies as a result of injuries sustained for the tortious conduct, two different causes of action may be brought; if the victim died instantaneously, a wrongful death action may be commenced; if the victim did not die instantaneously, a survival action must be brought; however, both actions must be brought under the wrongful death act (MCL 600.2922; MSA 27A.2922).

5. DEATH — WRONGFUL DEATH — SURVIVAL ACTIONS — LIMITATION
   OF ACTIONS — STATUTES.

A three year period of limitation is applicable to both wrongful
death actions and survival actions (MCL 600.5805[8]; MSA
27A.5805[8]).

6. DEATH — WRONGFUL DEATH — SURVIVAL ACTIONS — LIMITATION
   OF ACTIONS.

A survival action may be brought by a decedent's personal
representative at any time within two years after letters testa-
mentary or letters of administration are granted, although the
period of limitation has run; but no personal representative
shall bring an action unless he commences it within three
years after the period of limitation has run (MCL 600.5852;
MSA 27A.5852).

7. DEATH — WRONGFUL DEATH — SURVIVAL ACTIONS.

The determining factor in deciding whether an action is properly
one for wrongful death or one for survival is not how long a
decedent lived after his injuries, but whether death was instan-
taneous; where a decedent lived for 11 hours after sustaining
injury, it cannot be concluded that death was instantaneous; a
survival action would be proper in that instance.

*Collins, Stecco & Wascha* (by *Larry J. Stecco),*
for plaintiff.

*Hatch & Smith* (by *James E. Smith* and *Lynda
E. Thomsen),* for defendant.

Before: ALLEN, P.J., and R. B. BURNS and N. J.
KAUFMAN,* JJ.

R. B. BURNS, J. The trial court granted acceler-
ated judgment in favor of defendant pursuant to
GCR 1963, 116.1(5), now MCR 2.116(C)(7). Plaintiff
appeals and we affirm.

Plaintiff's decedent was riding his bicycle on
West Mansion Street in Marshall, Michigan, when
he collided with defendant's bicycle. Decedent died
in Community Hospital approximately 11 hours

---

* Retired Court of Appeals Judge, sitting on the Court of Appeals
by assignment.

after he was admitted, allegedly from the head injuries he received in the collision.

Plaintiff Jon Warren filed suit as personal representative of the estate against defendant on October 11, 1983. In fact, plaintiff had not filed the appropriate papers in probate court and was not appointed the decedent's personal representative until October 20, 1983. Defendant brought a motion for accelerated judgment on the ground that plaintiff was not the decedent's personal representative and therefore plaintiff could not properly bring a wrongful death action. Moreover, defendant argued that the statute of limitations barred plaintiff's suit.

The trial court granted defendant's motion for the reason that the wrongful death action was not brought in the name of the personal representative. The court also found that the statute of limitations barred plaintiff's claim.

We first consider whether the trial court erred in concluding that plaintiff did not have the legal capacity to bring this action at the time the complaint was filed. MCL 600.2922(2); MSA 27A.2922(2) provides that every wrongful death or survival action "shall be brought by, and in the names of, the personal representatives of such deceased person". In *Maiuri v Sinacola Construction Co,* 382 Mich 391; 170 NW2d 27 (1969), the parents of the decedent filed suit in their individual capacities and the Court held that the language of the statute is mandatory and that the plaintiffs were improper parties.

Hence, plaintiff in the instant case must have been the personal representative of the decedent in order to maintain a wrongful death action. Plaintiff filed suit on October 11, 1983. However, plaintiff was not appointed the decedent's personal representative until October 20, 1983. Thus, plain-

tiff could not have properly filed suit on October 11.

Plaintiff, however, argues that, when he became the personal representative of the decedent, his appointment should have related back to the date on which he filed suit. Defendant, on the other hand, asserts that plaintiff is not entitled to the benefit of the relation-back doctrine.

This Court has decided the issue of the applicability of the relation-back doctrine in two cases, *Castle v Lockwood-MacDonald Hospital,* 40 Mich App 597; 199 NW2d 252 (1972), and *Fisher v Volkswagenwerk Aktiengesellschaft,* 115 Mich App 781; 321 NW2d 814 (1982). In *Castle,* the decedent's wife applied for appointment as the decedent's personal representative for the specific purpose of pursuing a wrongful death action, upon which the period of limitation would run on May 17, 1970. The plaintiff was appointed personal representative on May 14, 1970, though no order of appointment was signed until June 11, 1970. The plaintiff filed the wrongful death action on May 15. Subsequently, on June 11, the probate court entered an order *nunc pro tunc* effective as of May 14 appointing plaintiff special administrator.

This Court held that the plaintiff's appointment related back to the commencement of the wrongful death action, concluding that the relation-back doctrine should apply when the administratrix acted in good faith and had some reasonable basis for believing that she had been duly appointed. *Castle, supra,* p 604. Because the decedent's wife believed that she had the capacity to sue and acted in good faith, relying upon the notation in her application, the *nunc pro tunc* order would be allowed to relate back to the date on which she brought suit. *Castle, supra,* pp 606-607.

This Court reached a different conclusion on the relation-back doctrine in *Fisher, supra.* In *Fisher,* the plaintiffs were appointed administrators of their deceased parents' estates. The parents died on December 9, 1976, and the estates were closed on June 26, 1978, and March 1, 1978, respectively. Plaintiffs brought a wrongful death suit as administrators on December 9, 1979. Thereafter, the plaintiffs went to probate court and sought to reopen their parents' estates. *Fisher, supra,* p 783. This Court found that the plaintiffs could not obtain the benefit of the relation-back doctrine, holding that:

"where the plaintiffs misrepresented their capacity to sue under the wrongful death act at the time when the suit was filed, the subsequent reopening of the decedent's estate after the period of limitation had expired did not relate back to the filing of this lawsuit. The action is barred by the three-year statute of limitations." *Fisher, supra,* p 786.

The case at bar is closer to *Fisher* than *Castle.* In this case, plaintiff was an attorney who should have known that he was not able to bring suit until he was appointed personal representative of the decedent. Moreover, plaintiff did not act in good faith because he could not have reasonably believed that he had been appointed the decedent's personal representative at the time he brought the action. This is evidenced by the fact that he neither secured nor filed the proper forms in the probate court as of the date he filed the present action.

Nonetheless, plaintiff argues that he sould have been allowed to amend his complaint on the authority of GCR 1963, 118.1, now MCR 2.188(A), because it would serve no useful purpose to have him refile his action. If plaintiff were allowed to

amend his complaint, that amendment would relate back to the date on which his original complaint was filed. GCR 1963, 118.4. In interpreting GCR 1963, 118.4, this Court has held:

"The test under subrule 118.4 as set forth in *LaBar [v Cooper,* 376 Mich 401; 137 NW2d 136 (1965)], *supra,* makes it clear that whether or not a new cause of action is stated in the amendment is no longer the question, but rather it is whether the amendment arises out of the conduct, transaction, or occurrence alleged in the original pleading sought to be amended. Under that interpretation of the new court rule, the Court reaches the same result that many courts in other jurisdictions have reached in the past when a plaintiff who sued individually in a wrongful death action sought to amend his pleadings after the running of the statute of limitations so as to sue in his representative capacity. This Court does, however, approve the limitation appearing in 63 Harvard Law Review 1177, 1239, cited in *Russell [v New Amsterdam Casualty Co,* 303 F2d 674 (CA 8, 1962)], *supra:*

" 'However, * * * where the plaintiff sues in the wrong capacity some courts have experienced considerable difficulty in avoiding the objection that the original action was void, and have thus disallowed the change of the party plaintiff. Nevertheless, the new plaintiff is today usually allowed to take advantage of the former action if the original plaintiff had, *in any capacity, either before or after the commencement of suit, an interest in the subject matter of the controversy.'* " *Doan v Chesapeake & Ohio R Co,* 18 Mich App 271, 279; 171 NW2d 27 (1969) (emphasis supplied by *Doan).*

Assuming that *Doan* survives *Mauri,* plaintiff would not receive the benefit of *Doan* because he had no interest in the suit before he became the decedent's personal representative.

We conclude that defendant was entitled to accelerated judgment for the reason that plaintiff lacked the legal capacity to sue. GCR 1963, 116.1(3), now MCR 2.116(C)(5).

Although our conclusion on the capacity to sue issue disposes of this case, we choose to address the statute of limitations issue since it appears that that issue will resurface in plaintiff's future litigation against defendant.[1]

Where a tort victim dies as a result of injuries sustained from the tortious conduct, two different causes of action may be brought. If the victim died instantaneously, a wrongful death action may be commenced. If the victim did not die instantaneously, a survival action must be brought. However, both actions must be brought under the wrongful death act, MCL 600.2922; MSA 27A.2922. *Hawkins v Regional Medical Laboratories, PC*, 415 Mich 420; 329 NW2d 729 (1982). That is, survival actions are now incorporated into the wrongful death act.[2] *Hawkins, supra,* p 432.

The distinction between the two types of actions becomes particularly important when considering the statute of limitations. In either action, the three-year period of limitations is applicable under MCL 600.5805(8); MSA 27A.5805(8). However, as noted by the *Hawkins* Court, survival actions survive by law:

"As indicated above, although the post-1939 death act encompasses a class of actions formerly brought under the survival act, we are not persuaded that the essential character of those actions has changed. Any time wrongful conduct results in noninstantaneous death, the claim prosecuted by an appropriate representative

---

[1] Plaintiff apparently refiled his action on May 23, 1985.

[2] This fact creates a certain amount of confusion in terminology since survival actions are technically wrongful death actions and are referred to as such. However, for the sake of clarity, in this portion of the opinion, we shall use the term "wrongful death action" to refer to cases where the victim died instantaneously and the term "survival action" where the victim died subsequent to his injuries. For a more thorough discussion of the history of wrongful death and survival actions, and their merger into the wrongful death act in 1939, see *Hawkins, supra.*

is a survival action enhanced by the broader measure of damages in the current death act. It survives by law the decedent's death pursuant to MCL 600.2921; MSA 27A.2921." *Hawkins, supra,* p 438.

Since a survival action survives by law, the tolling provisions of MCL 600.5852; MSA 27A.5852 are applicable. That statute provides in pertinent part as follows:

"If a person dies before the period of limitations has run or within 30 days after the period of limitations has run, an action which survives by law may be commenced by * * * the executor or administrator of the deceased person * * * at any time within 2 years after letters testamentary or letters of administration are granted, although the period of limitations has run, subject to the limitations provided in section 20 of chapter 8 of Act No. 288 of the Public Acts of 1939, being section 708.20 of the Compiled Laws of 1948. But no executor or administrator shall bring an action under this provision unless he commences it within 3 years after the period of limitations has run."

Because plaintiff's refiling of this action occurred more than three years after the accident and the decedent's death on October 18, 1980, the statute of limitations would bar the second suit unless saved by this tolling provision. It is clear that the case at bar presents a survival action rather than a wrongful death action since the decedent lived for 11 hours after his injury. See *Ortiz v Ferris,* 128 Mich App 776; 341 NW2d 215 (1983).

The trial court erred when it distinguished *Hawkins, supra,* from the present case based on the amount of time that had passed between the decedent's injury and the decedent's death. The trial court found that a death occurring eleven hours after an accident is distinguishable from a death occurring nine months after an incorrect diagno-

sis. The determining factor is not how long the decedent lived after his injuries, but whether death was instantaneous. Where, as here, the decedent lived for 11 hours, it cannot be concluded that death was instantaneous. Thus, the action was a survival action and survived by law.

Accordingly, plaintiff may bring his action within two years of receiving his letters testamentary. MCL 600.5852; MSA 27A.5852. Since plaintiff received his letters testamentary on October 20, 1983, he had until October 20, 1985, to bring an action. Accordingly, the trial court erred in concluding that plaintiff's suit was barred by the statute of limitations.

One final matter remains. In its written opinion, the trial court indicated that defendant would be entitled to accelerated judgment under both the grounds of plaintiff's lack of legal capacity to sue and because the period of limitation had run. However, the trial court's order only granted accelerated judgment based upon the statute of limitations. GCR 1963, 116.1(5), now MCR 2.116(C)(7). As we concluded, above, defendant was not entitled to accelerated judgment based upon the statute of limitations. However, since the trial court reached the right result, albeit for the wrong reason, we will affirm. *Gilbert v Grand Trunk W R Co*, 95 Mich App 308; 290 NW2d 426 (1980).

Our conclusion on the statute of limitations issue renders it unnecessary to consider plaintiff's argument that the period of limitation was tolled under the provisions of MCL 600.5853; MSA 27A.5853.

Affirmed. Costs to defendant.