*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

DIANA CHRISTIAN, Personal Representative of the ESTATE OF PAUL D. CHRISTIAN,

Plaintiff-Appellant,

v

ASCENSION ST. JOHN HOSPITAL, AMRITA MANASA VEMPATI, M.D., ELIZABETH PEACOCK, M.D., ELI ZACHARY SCHNED, M.D., ABIGAIL MARIE IGNAGNI, PA, TERESA MARIA OXHOLM, and HOSPITAL MEDICINE ASSOCIATES, LLC, doing business as TEAMHEALTH HOSPITAL MEDICINE EAST STAFFING, LLC, also known as TEAMHEALTH,

Defendants-Appellees.

UNPUBLISHED
December 30, 2024
1:21 PM

No. 367213
Wayne Circuit Court
LC No. 23-001561-NH

Before: BORRELLO, P.J., and N. P. HOOD and YOUNG, JJ.

PER CURIAM.

In this wrongful-death medical-malpractice action, plaintiff, Diana Christian, as Personal Representative of the Estate of Paul Christian, appeals as of right the final order granting summary disposition under MCR 2.116(C)(7) (claim barred by statute of limitations) to defendants Ascension St. John Hospital, Eli Schned, M.D., and Elizabeth Peacock, M.D. Plaintiff also challenges the trial court's earlier orders granting summary disposition under MCR 2.116(C)(5) (plaintiff lacked legal capacity to sue) and MCR 2.116(C)(7) to codefendants Teresa Oxholm, M.D., Amrita Vempati, M.D., and Abigail Ignagni, PA, and to codefendant Hospital Medicine Associates, LLC (doing business as "Teamhealth") on those same grounds, and under MCL 600.2912c. Plaintiff's claims were dismissed on the basis that her appointment as personal representative did not relate back to the time she filed the complaint on behalf of the estate.

On appeal, plaintiff contends this Court's recent opinion in *Eversole v Nash*, ___ Mich App ___; ___ NW3d ___ (2024) (Docket No. 366556) is controlling, and the trial court's orders summarily dismissing her case against all defendants should be reversed. Because the

-1-

interpretation of MCL 700.3701 in *Eversole* is retroactive to plaintiff's case, we reverse the trial court's orders as to codefendants Ascension St. John Hospital, Dr. Schned, Dr. Peacock, Dr. Oxholm, Dr. Vempati, and Ms. Ignagni, and remand this case for further proceedings. We otherwise affirm the order granting summary disposition to Teamhealth under MCL 600.2912c.

## I. FACTUAL BACKGROUND

This appeal arises from Paul Christian's[1] treatment at Ascension St. John Hospital. Defendants' alleged failure to monitor and address Paul's severe hypertension led to his death on February 6, 2018. On January 27, 2023, plaintiff filed a petition in the Wayne County Probate Court for appointment as personal representative of Paul's estate. The probate court set a hearing date for June 7, 2023, wherein plaintiff's appointment as personal representative was granted.[2]

On February 2, 2023, before the probate court granted plaintiff's appointment, plaintiff commenced this action against all defendants, bringing the complaint in the name of "Diana Christian as Personal Representative of the Estate of Paul D. Christian, deceased." The complaint alleged medical negligence against all defendant doctors and Ms. Ignagni (Counts I-IV), and vicarious liability of codefendants Ascension St. John Hospital (Count V) and Teamhealth (Count VI). On March 14, 2023, Teamhealth responded by filing an affidavit of noninvolvement under MCL 600.2912c, arguing there was no evidence that Paul was provided any services by Teamhealth or any of its staff during his stay at Ascension St. John Hospital.

On May 4, 2023, Defendants Dr. Vempati, Dr. Oxholm, and Ms. Ignagni, filed a motion for summary disposition under MCR 2.116(C)(7) in lieu of an answer. Defendants argued the statute of limitations on plaintiff's claim had expired on February 6, 2023, and because plaintiff had no authority to file the claim under MCL 600.2922,[3] as she was not yet officially appointed personal representative of Paul's estate, her claim should be dismissed. Finally, defendants argued that under the analytical framework set forth in *Castle v Lockwood-MacDonald Hosp*, 40 Mich App 597, 604; 199 NW2d 252 (1972), plaintiff could not have a "reasonable grounds for believing" that she was granted status as personal representative at the time of filing the instant law suit because she had not yet appeared before the probate court and received the letters of authority,

---

[1] Because Paul Christian and Diana Christian share the same surname, Paul is referred to by his first name throughout this opinion.

[2] The lower court record does not reflect when, if at all, letters of authority were issued to plaintiff before her claims against defendants were dismissed by the trial court. Because the letters of authority were not before the trial court at the time the motion for summary disposition was decided, we decline to consider the letters of authority on appeal. See *Innovative Adult Foster Care Inc v Ragin*, 285 Mich App 466, 476; 776 NW2d 398 (2009) ("[R]eview is limited to the evidence that had been presented to the circuit court at the time the motion was decided."); and *People v Morrison*, 328 Mich App 647, 655; 939 NW2d 728 (2019), citing MCR 7.210(A) ("[T]o consider evidence presented on appeal that the parties failed to present to the trial court would be an impermissible expansion of the lower-court record.").

[3] MCL 600.2922(2) states in relevant part that every wrongful death action "shall be brought by, and in the name of, the personal representative of the estate of the deceased."

even though she had already filed her petition with the probate court before filing the complaint. Thus, according to defendants, the relation-back doctrine could not apply.

On May 26, 2023, Defendants Ascension St. John Hospital, Dr. Schned, and Dr. Peacock filed a concurrence in codefendants' Dr. Vempati, Dr. Oxholm, and Ms. Ignagni's motion for summary disposition, adding that the trial court should grant relief to all defendants under MCR 2.116(C)(5) (plaintiff lacked legal capacity) as well as under MCR 2.116(C)(7).

On June 12, 2023, plaintiff responded to defendants Ascension St. John Hospital, Dr. Schned, and Dr. Peacock's concurrence in the motion for summary disposition, highlighting that the concurrence cited additional caselaw not contained in the motion for summary disposition, and did not contain numbered paragraphs for plaintiff to admit or deny; however, the response still distinguished the caselaw cited by the concurrence. On June 22, 2023, defendant Teamhealth also filed a joinder and concurrence in the motion for summary disposition, including a request for dismissal under MCL 600.2912c. Teamhealth argued that because it previously filed an affidavit of noninvolvement and plaintiff had not challenged the affidavit or sought discovery with respect to Teamhealth's noninvolvement, Teamhealth was entitled to dismissal.

At the hearing on defendants' motion for summary disposition, plaintiff argued, regarding Teamhealth's concurrence, that any motion to dismiss under MCL 600.2912c should be filed separately, not as part of a concurrence which plaintiff did not have an adequate opportunity to respond to. The trial court concluded, under MCR 2.116(C)(7), "and *possibly* (C)(5) as well," that plaintiff lacked standing to sue all defendants because the statute of limitations expired on February 8, 2023 and plaintiff sought appointment as personal representative only 10 days prior. The court also ruled plaintiff had not presented admissible evidence that she had a good faith, reasonable belief she had been appointed personal representative. The court relied on *Warren v Howlett*, 148 Mich App 417; 383 NW2d 636 (1986) for the proposition that "Michigan [caselaw] is clear that if a complaint by a personal representative is filed before the probate court has entered an order appointing a personal representative the complaint will not toll the statute of limitations . . . ." The trial court noted the fact that there was a later hearing on whether to appoint plaintiff as personal representative should have indicated to her that she was not yet personal representative and did not have authority to act. The court also granted Teamhealth's request for dismissal contained in its concurrence under MCL 600.2912(c) because Teamhealth filed an affidavit of noninvolvement and plaintiff had not challenged it.

On July 14, 2023, the trial court entered an order granting defendants Dr. Vempati, Dr. Oxholm and Ms. Ignagni's motion for summary disposition, and dismissed plaintiff's claims against those parties with prejudice. The court also entered an order granting Teamhealth's concurrence under MCR 2.116(C)(5), (C)(7), and MCL 600.2912(c). The order acknowledged plaintiff responded to Teamhealth's joinder and concurrence. Finally, the trial court entered an order granting defendants Dr. Schned, Dr. Peacock, and Ascension St. John Hospital's concurrence in the motion for summary disposition. This final order dismissed the entire case. Plaintiff now appeals.

## II. ANALYSIS

Plaintiff argues that this Court's recent published decision in *Eversole*, ___ Mich App at ___; slip op at 11, affirms the statutory relation-back doctrine applies where a personal representative is appointed after the complaint is filed "so long as . . . the timely filing of the complaint, benefitted the estate." MCL 700.3701. According to plaintiff, *Eversole* is controlling here and the trial court's order granting summary disposition should be vacated.[4] We agree.

### A. PLAINTIFF'S CLAIMS WERE IMPROPERLY DISMISSED BECAUSE MCL 700.3701 PROVIDES PLAINTIFF RELIEF

### 1. STANDARDS OF REVIEW

This Court reviews de novo a trial court's decision to grant or deny summary disposition. *Meemic Ins Co v Fortson*, 506 Mich 287, 296; 954 NW2d 115 (2020). Although defendants cite both MCR 2.116(C)(7) and (C)(5) as grounds to grant summary disposition, "a motion for summary disposition asserting the real-party-in-interest defense more properly fits within MCR 2.116(C)(8) or MCR 2.116(C)(10), depending on the pleadings or other circumstances of the particular case." *Cannon Twp v Rockford Pub Sch*, 311 Mich App 403, 411; 875 NW2d 242 (2015) (quotation marks and citation omitted). In considering defendants' arguments for summary disposition on this ground, the trial court examined nonrecord evidence, including the probate court order approving plaintiff's appointment as personal representative. Because of this, we will "treat the trial court's decision as having been made under MCR 2.116(C)(10)." *Cannon Twp*, 311 Mich App at 411, citing *Maiden v Rozwood*, 461 Mich 109, 119-120; 597 NW2d 817 (1999).

A motion for summary disposition under MCR 2.116(C)(10), which tests the factual sufficiency of the plaintiff's claim, is properly granted when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 160; 934 NW2d 665 (2019). "A genuine issue of material fact exists when the record leaves open an issue upon which reasonable minds might disagree." *Johnson v Vanderkooi*, 502 Mich 751, 761; 918 NW2d 785 (2018) (quotation marks and citation omitted). When reviewing the trial court's decision to grant or deny summary disposition under MCR 2.116(C)(10), this Court considers the parties' documentary evidence in the light most favorable to the party opposing the motion. *Johnson*, 502 Mich at 761. "[R]eview is limited to

---

[4] Most of the parties' briefs on appeal were filed before the *Eversole* opinion was published. The parties mostly rely on common-law relation-back decisions which "generally hold that the appointment of a personal representative of an estate occurring after the statute of limitations for a claim has expired relates back to the timely filing of a complaint on the estate's behalf as long as the personal representative had a good faith belief that they had the authority to act, when in fact they did not." *Eversole*, ___ Mich App at ___; slip op at 7. See *Osner v Boughner*, 152 Mich App 744, 747; 394 NW2d 411 (1986); *Saltmarsh v Burnard*, 151 Mich App 476, 491; 391 NW2d 382 (1986); *Warren*, 148 Mich App at 422-423; *Fisher v Volkswagenwerk Aktiengesellschaft*, 115 Mich App 781, 786; 321 NW2d 814 (1982); *Castle*, 40 Mich App at 605-606.

the evidence that had been presented to the circuit court at the time the motion was decided." *Innovative Adult Foster Care*, *Inc v Ragin*, 285 Mich App 466, 476; 776 NW2d 398 (2009).

"Whether a plaintiff is the real party in interest is a question of law subject to review de novo . . . ." *Eversole*, ___ Mich App at ___; slip op at 4. Whether a "personal representative's subsequent appointment as personal representative relates back in time to validate an earlier-filed complaint" is also a question of law reviewed de novo. *Id.*

## 2. RETROACTIVITY OF *EVERSOLE V NASH* TO THE TRIAL COURT'S DECISION

Defendants Dr. Schned, Dr. Peacock, and Ascension St. John Hospital argue this Court should not apply *Eversole*, ___ Mich App at ___; slip op at 1, to resolve this issue on appeal because *Eversole* was decided in June 2024, long after the trial court summarily dismissed plaintiff's claims. Defendants cite *Pohutski v City of Allen Park*, 465 Mich 675, 696; 641 NW2d 219 (2002), which states a judicial decision overturning established precedent may be given limited retroactive effect if injustice would result.

In determining retroactivity, courts must first address the "[t]hreshold question" of "whether a decision amounts to a new rule of law." *League of Women Voters of Mich v Secretary of State*, 508 Mich 561, 566; 975 NW2d 840 (2022). "A judicial decision's rule is considered to be new if it breaks new ground or imposes a new obligation on the States or the Federal Government." *People v Walker*, 328 Mich App 429, 438; 938 NW2d 31 (2019) (quotation marks and citation omitted). A judicial decision does not establish any new rule where the decision is based on the proper interpretation of longstanding statutory authority in existence at the time the trial court's decision was made. See *People v Robinson*, ___ Mich App ___, ___; ___ NW3d ___ (2024) (Docket No. 365226); slip op at 5-6 (holding the decision in *People v Peeler*, 509 Mich 381; 984 NW2d 80 (2022)) was retroactive to the defendant's case because "*Peeler*'s holdings did not establish any new rule because the Court did not announce a new rule that was not dictated by precedent. Instead, *Peeler*'s decision was based on the proper interpretation of longstanding statutory authority in existence since well before [the defendant's] indictment and conviction in this case."). Here, *Eversole* is retroactive to the trial court's decision because *Eversole* merely interprets statutes in existence at the time the complaint was filed, and *Eversole* does not create new law.[5] *Id.*

---

[5] "MCL 700.3701 became effective April 1, 2000, 1998 PA 386, and was not in place when most of the common-law relation-back decisions were decided. MCL 700.3701 was previously codified at MCL 700.332, 1978 PA 642, effective July 1, 1979, and provided, in relevant part, as follows:

> The duties and powers of an independent personal representative commence upon appointment. The powers of an independent personal representative relate back in time to give acts by the person appointed which are beneficial to the estate occurring before the appointment the same effect as those occurring thereafter.

The common law cases did not consider the effect of MCL 700.332." *Eversole*, ___ Mich App at ___ n 10; slip op at 8 n 10. The seminal case creating a "good faith reasonable belief" standard in

### 3.  APPLYING *EVERSOLE V NASH*

In *Eversole*, ___ Mich App at ___; slip op at 6, the plaintiff brought a medical-malpractice wrongful-death action on January 4, 2023, even though she was not the personal representative of the decedent's estate and the applicable medical-malpractice limitations period under MCL 600.5805(6) expired on January 18, 2020, two years after the claim accrued on January 18, 2018.  The plaintiff relied on MCL 600.5852's saving provision, which states "a personal representative may file a medical malpractice suit on behalf of a deceased person two years after the letters of authority are issued, as long as the suit is commenced within three years after the two-year malpractice limitations period expired."  *Eversole*, ___ Mich App at ___; slip op at 6-7 (citation omitted).

But because the probate court in *Eversole* did not issue the plaintiff's letters of authority until January 30, 2023, 26 days after she filed the wrongful-death action, the plaintiff lacked authority under MCL 600.2922(2) to bring the action at the time she filed it and thus, the action was not properly commenced by a personal representative within two years after issuance of the letters of authority, MCL 600.5852(1).  *Eversole*, ___ Mich App at ___; slip op at 7, citing *McMiddleton v Bolling*, 267 Mich App 667, 673; 705 NW2d 720 (2005) (MCL 600.5852 " 'clearly allows an action to be brought within two years after letters of authority are issued to the personal representative' . . . not before her appointment." (citation omitted), and *Jesse Estate v Lakeland Specialty Hosp at Berrien Ctr*, 328 Mich App 142, 147-148; 936 NW2d 705 (2019) (concluding that "a personal representative may not commence an action until he has authority to do so and he receives this authority on the date the probate judge signs letters of authority," and the saving provision "begin[s] to run from the date the personal representative has authority to commence an action").

Resolution of the plaintiff's appeal in *Eversole*, ___ Mich App at ___; slip op at 4, required the interpretation of three statutes: MCL 600.2922(2), MCL 600.5852, and MCL 700.3701. MCL 600.2922(2) states that a wrongful-death action "shall be brought by, and in the name of, the personal representative of the estate of the deceased. . . .  Therefore, only a personal representative may commence a wrongful death action."  *Eversole*, ___ Mich App at ___; slip op at 4.  The time for a personal representative to bring a wrongful-death action is also limited.  "A plaintiff in a medical-malpractice action has two years from the date the cause of action accrued in which to file suit, MCL 600.5805(6),[6] and a medical-malpractice claim generally 'accrues at the time of the act or omission that is the basis for the claim of medical malpractice . . . ,' MCL 600.5838a(1)."  *Dale Estate v Robinson*, 279 Mich App 676, 683; 760 NW2d 557 (2008).

---

determining whether relation-back doctrine applied, *Castle v Lockwood*, 40 Mich App 597, was decided in 1972, five years before MCL 700.332 became effective.  Later common-law decisions applying *Castle* overlooked the effect of MCL 700.332 on the relation-back analysis.

[6] On February 6, 2018, when this action accrued, MCL 600.5805(6) provided the malpractice limitations period.  MCL 600.5805 was amended by 2018 PA 183, effective June 12, 2018, and the malpractice limitations period was renumbered as Subsection (8).  We refer to Subsection (6) in this opinion.

However, the wrongful-death savings provision, MCL 600.5852, affords a personal representative additional time to pursue legal action on behalf of the estate. MCL 600.5852 "is a saving provision designed to preserve actions that survive death in order that the representative of the estate may have a reasonable time to pursue such actions." *Eversole*, ___ Mich App at ___; slip op at 5 (quotations marks and citations omitted). Under MCL 600.5852, a personal representative may file a medical malpractice suit on behalf of a deceased person for two years after letters of authority are issued, as long as that suit is commenced within three years *after* the two-year malpractice limitations period expired." *Eversole*, ___ Mich App at ___; slip op at 5-6 (quotation marks and citation omitted). "MCL 600.5852 thus provides a maximum of five years from the date the deceased's medical-malpractice claim accrues in which a personal representative may bring a wrongful-death action." *Id*. at ___; slip op at 6. A wrongful-death action is properly brought under MCL 600.5852's saving period if "the complaint was filed within two years of the issuance of the . . . personal representative's letters of authority and within three years after the period of limitations had expired." *Dale Estate*, 279 Mich App at 688-689. The two-year saving period "is measured from the date the letters of authority are issued." *Id*. at 686 (quotation marks and citation omitted).

As with the plaintiff in *Eversole*, here, plaintiff's complaint does not conform to MCL 600.2922(2) and MCL 600.5852. In this case, the applicable medical-malpractice limitations period under MCL 600.5805(6) expired on February 6, 2020. Plaintiff filed her complaint on February 2, 2023, even though she was not yet personal representative of Paul's estate. Plaintiff's appointment as personal representative of Paul's estate had not been granted by the probate court until June 7, 2023, four months after she filed this wrongful-death action. Under MCL 700.3103 (emphasis added), "to acquire the powers and undertake the duties and liabilities of a decedent's personal representative, a person must be appointed by the register or by court order, must qualify, *and* must be issued letters. The issuance of letters commences an estate's administration." Plaintiff therefore lacked the authority under MCL 600.2922(2) to bring this action when she filed it.

### 4. MCL 700.3701

As with the plaintiff in *Eversole*, MCL 700.3701, a relation-back provision included in the Estates and Protected Individuals Code (EPIC), MCL 700.1101 *et seq.*, provides plaintiff relief here. MCL 700.3101 (emphasis added) states:

> A personal representative's duties and powers commence on appointment. *A personal representative's powers relate back in time to give acts by the person appointed that are beneficial to the estate occurring before appointment the same effect as those occurring after appointment.* Subject to sections 3206 to 3207, before or after appointment, a person named as a personal representative in a will may carry out the decedent's written instructions relating to the decedent's body, funeral, and burial arrangements. A personal representative may ratify and accept an act on behalf of the estate done by another if the act would have been proper for a personal representative.

In *Eversole*, this Court held that under MCL 700.3701, "the powers granted by the letters of authority relate[] back to the date [the] plaintiff filed the complaint on behalf of the estate . . . as

filing that timely action was beneficial to the estate." *Eversole*, ___ Mich App at ___; slip op at 8. This does away with the good-faith reasonable-belief requirement in Michigan's common-law cases. *Id.*

But because the record does not reflect when, or if, plaintiff's appointment as personal representative of Paul's estate was accepted and the letters of authority were issued, there remains a genuine issue of fact regarding whether plaintiff is the real party in interest with standing to bring this wrongful-death medical-malpractice action. *Dale Estate*, 279 Mich App at 686. MCL 700.3103. The trial court knew as much when it stated on the record that "[n]obody attached the [l]etters of [a]uthority, I don't even know if she ever filed an acceptance," but nevertheless, erred in granting summary disposition as to all defendants. We reverse the trial court's order granting summary disposition to defendants Dr. Vempati, Dr. Oxholm, and Ms. Ignagni, as well as to codefendants Dr. Schned, Dr. Peacock, and Ascension St. John Hospital under MCR 2.116(C)(5) and MCR 2.116(C)(7). We remand this case to the trial court for the parties to establish if the letters of authority appointing plaintiff as personal representative were issued, and if they were, to apply MCL 700.3701 to relate plaintiff's appointment back to the date the complaint was filed.

## B. PLAINTIFF'S CLAIM AGAINST TEAMHEALTH WAS PROPERLY DISMISSED

On appeal, plaintiff also contends that because Teamhealth did not brief its alternate grounds for dismissal under MCL 600.2912c, but rather referenced it only in a concurrence to defendants' Dr. Vempati, Dr. Oxholm, and Ms. Ignagni's motion for summary disposition, the trial court erred in granting summary disposition on the basis of MCL 600.2912c. We disagree and affirm the dismissal of claims against Teamhealth.

### 1. STANDARD OF REVIEW

Although the order dismissing plaintiff's claim against Teamhealth states their concurrence in the motion for summary disposition is granted under MCR 2.116(C)(5), (C)(7), and MCL 600.2912c "and as more fully stated on the record. . . ." the trial court, on the record, only discussed Teamhealth's dismissal under MCL 600.2912c. Thus, review of the order dismissing Teamhealth is limited to MCL 600.2912c and other applicable court rules. "This Court reviews de novo questions about the correct interpretation and application of statutes and court rules." *Home-Owners Ins Co v Andriacchi*, 320 Mich App 52, 71; 903 NW2d 197 (2017). Issues involving statutory construction are questions of law reviewed de novo. *Yaldo v North Pointe Ins Co*, 457 Mich 341, 344; 578 NW2d 274 (1998). Our Supreme Court summarized in *Yaldo*:

> The primary goal of judicial interpretation of statutes is to give effect to the intent of the Legislature. *Farrington v Total Petroleum, Inc*, 442 Mich 201, 212; 501 NW2d 76 (1993). In determining legislative intent, we look first at the words of the statute. If the language is clear and unambiguous, judicial construction is not normally permitted. If reasonable minds can differ regarding its meaning, then judicial construction is appropriate. *Indenbaum v Michigan Bd of Med (After Remand)*, 213 Mich App 263[, 271]; 539 NW2d 574 (1995). The Legislature is presumed to have intended the meaning it plainly expressed. *Id.* [*Yaldo*, 457 Mich at 346.]

Where two statutes apply, the more specific one controls. *Slater v Ann Arbor Pub Sch Bd of Ed*, 250 Mich App 419, 434–435; 648 NW2d 205 (2002); see also *Decker v Trux R US, Inc*, 307 Mich App 472, 480-481; 861 NW2d 59 (2014) (where there is a conflict between a general provision in a statute and a specific provision in a court rule, the specific provision controls).

## 2. MCL 600.2912c

Resolution of this issue requires analysis of MCL 600.2912c, which states (emphasis added):

> (1) In an action alleging medical malpractice, a party named as a defendant in the action may, instead of answering or otherwise pleading, file with the court an affidavit certifying that he or she was not involved, either directly or indirectly, in the occurrence alleged in the action. *Unless the affidavit is opposed pursuant to subsection (2), the court shall order the dismissal of the claim, without prejudice, against the affiant.*
>
> (2) Any party to the action may oppose the dismissal or move to vacate an order of dismissal and reinstate the party who filed the affidavit if it can be shown that the party filing the affidavit was involved in the occurrence alleged in the action. Reinstatement of a party to the action under this subdivision shall not be barred by any statute of limitations defense that was not valid at the time the action was originally commenced against the affiant. *The opposing party may obtain discovery regarding the involvement or noninvolvement of the party filing the affidavit. The discovery shall be completed within 90 days after the date the affidavit is filed.*

MCL 600.2192c(1) does not lay out a specific procedure for a defendant who has filed an affidavit of noninvolvement to seek dismissal, and the statute states dismissal is mandatory.[7] However, MCR 2.116(B)(1) states "[a] request for dismissal without prejudice under MCL 600.2912c must be made by motion under MCR 2.116 and MCR 2.119." Because MCR 2.116(B)(1) lays out a more specific directive for how dismissal under MCL 600.2912c is to be sought, the court rule controls. *Slater*, 250 Mich App at 434-435; *Decker*, 307 Mich App at 480-481.

## 3. APPLICATION

In lieu of a response to plaintiff's complaint, Teamhealth filed an affidavit of noninvolvement on March 14, 2023. In order to negate Teamhealth's assertions in its affidavit, under MCL 600.2912c(2), plaintiff would have needed to complete discovery within 90 days of the filing of the affidavit, which would have been a deadline of June 12, 2023. The record reflects plaintiff did no such thing. However, instead of filing an independent motion for summary disposition under MCR 2.116 and MCR 2.119, Teamhealth filed a concurrence in pursuit of

---

[7] The term "shall" in a statute is generally interpreted as mandatory, equating to the word "must." *Old Kent Bank v Kal Kustom, Inc*, 255 Mich App 524, 532; 660 NW2d 384 (2003).

dismissal under MCL 600.2912c. This was improper and violated the more specific directive in the court rules.

Nevertheless, this Court is "not bound by a party's choice of labels because this would effectively elevate form over substance." *Adams v Adams (On Reconsideration)*, 276 Mich App 704, 715; 742 NW2d 399 (2007). Teamhealth cites to MCR 2.116(I)(1)[8] for the proposition that the trial court has the inherent authority to consider motions that do not necessarily meet proper form. Because Teamhealth would have otherwise been entitled to dismissal without prejudice under MCL 600.2912c on substantive grounds that plaintiff did nothing to challenge its affidavit, in the interest of judicial economy and efficiency, we affirm the trial court's order dismissing Teamhealth without prejudice.

III. CONCLUSION

Affirmed in part, reversed in part, and remanded for proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Stephen L. Borrello
/s/ Noah P. Hood
/s/ Adrienne N. Young

---

[8] MCR 2.116(I)(1) states: "If the pleadings show that a party is entitled to judgment as a matter of law, or if the affidavits or other proofs show that there is no genuine issue of material fact, the court shall render judgment without delay." Such is the case here.